## STATE *v.* ELBRIDGE PERKINS.

*Criminal Law. Pleading. Practice.* R. L. ss. 1719-21.
*Amendment.*

The failure of a magistrate to make a minute on the complaint of the day, month, and year *at the time the same was exhibited to him,* is a fatal defect and not amendable; and if there is no waiver, the complaint should be dismissed.

COMPLAINT charging the respondent with the illegal sale of intoxicating liquor. Heard on motion to dismiss, April Term, 1886. Motion *pro forma* overruled. The motion was based on the fact that the justice of the peace to whom said complaint was exhibited, did not, at the time, make a minute thereon, in writing, under his official signature, of the day, month, and year, when the complaint was so exhibited to him.

*W. Brigham,* for the respondent, cited 2 Aik. 249; 15 Vt. 435; 17 Vt. 145; 6 Vt. 282.

State *v.* Perkins.

*H. M. McFarland,* for the State, cited Heard Cr. L. 101; *State* v. *Arnold,* 50 Vt. 731; *State* v. *Murphy,* 55 Vt. 547; 2 Russ. Cr. 94; *Waterman* v. *R. R. Co.* 30 Vt. 614; *State* v. *Litch,* 33 Vt. 67; *State* v. *Davis,* 52 Vt. 376.

The opinion of the court was delivered by

WALKER, J. It appears from the justice's record that the respondent seasonably filed a motion before the justice to dismiss the complaint on the ground that the magistrate, to whom the same was exhibited, did not make a minute thereon in writing, under his official signature, of the day, month, and year when the same was exhibited to him as required by sec. 1719 R. L., which motion was over-ruled by the justice and the prosecution was granted leave to amend by then making a minute on the complaint of the time when the complaint was exhibited to the magistrate and the amendment was made accordingly. On entering the case in County Court, on appeal, the respondent seasonably renewed his motion to dismiss; the County Court overruled the motion, to which the respondent excepted and the case was passed to the Supreme Court without further proceedings.

It will be noticed that sec. 1719 R. L. requires that the minute shall be made and signed *at the time the complaint is exhibited* to the magistrate; and that sec. 1721 provides that if the minute is not so made the complaint shall, on motion, be dismissed.

The making of the minute at the time designated is a mandatory requirement of the statute. If subsequently made it is not in compliance with the law and is therefore insufficient. *Wheelock* v. *Sears,* 19 Vt. 559.

It was held in *State* v. *Bartlett,* 11 Vt. 650, that the object of the statute in requiring this minute to be made by the magistrate of the day, month, and year when the complaint was exhibited, was to put it in the power of the court to determine with certainty whether the offense is barred by the

Statute of Limitations, and that when the minute is insufficient it ought to be held fatal to the proceedings.

The minute is no part of the complaint itself. It is a substantive and material requirement of the proceedings against the respondent which may be determinative of the prosecution and which must be made, if made at all, before the issuing of the warrant against the respondent and at the time designated by the statute. The failure of the magistrate to make and sign the minute when the complaint is exhibited to him is not a defect of a formal character in the complaint which is amendable under the statute. It is a defect of a substantive character which is fatal to the proceedings against the respondent upon the complaint, if seasonably taken advantage of. When the respondent does not waive his right to have the complaint dismissed for want of such minute by first pleading the general issue or other matter in defence, the court must, upon motion, dismiss the complaint.

The judgment of the County Court is reversed, complaint dismissed, and respondent discharged.