## M. H. ALEXANDER *v.* SCHOOL DISTRICT NO. 6.

*Motion to dismiss ; when used. Averments in special plea. School district order.*

1. A motion to dismiss is in the nature of a plea in abatement, and is not used for the purpose of testing the right of recovery upon its merits, but to impeach the correctness of the proceedings with a view to abating the action.

2. Defects in the declaration, not connected with the writ or its service, cannot be reached by such a motion.

3. Specifications are not, in our practice, a part of the declaration for the purpose of subsequent pleading.

4. The plaintiff sued for the amount of a school district order. The defendant pleaded specially that C. was elected the collector of the defendant district ; that as such collector he arrested and imprisoned S. upon a tax warrant and employed W. to assist him in so doing; that subsequently S. brought suit and recovered judgment against C. and W. for false imprisonment, and that this order was given W. for his expenses in the defense of that suit; further that C. "was not an inhabitant of nor a legal voter in said school district, and was not by, law eligible to the office of collector, and was in no way legally authorized to serve said warrant." *Held,* on demurrer, that the plea was defective. For (a) it did not allege that the suit of S. against C. and W. was for being imprisoned on the tax warrant. (b) Neither did it negative the authority of C., for the mere statement that he was not authorized was not sufficient without giving the reasons why, and the only reason given, that he was not an inhabitant of the district, was not conclusive since, if town collector, he might be a collector of the district although not a resident.

This was an action of general assumpsit, and was heard at the September Term, 1889, upon the defendant's motion to dismiss and the plaintiff's demurrer to the defendant's special plea. The motion was overruled, the demurrer sustained, and judgment given for the plaintiff. The defendant excepts.

The plaintiff filed the following specifications :

"You are hereby notified that the plaintiff in the above suit will claim judgment at the April Term of said court only upon the following instrument, viz. :

Alexander *v.* School District No. 6.

FAIRFAX, VT., March 7, 1883.

*Treasurer of School District No. 6, in Fairfax.*

Please pay W. N. Warren or bearer thirty-two dollars agree-ably to a vote of the District to that effect at the annual meet-ing held March 28, 1882, it being for money expended by him for counsel fees in the suit brought by Anson Soule against him as an officer of the district.

Signed,          W. H. WOODWORTH,

Prudential Committee.

That said order bears the following endorsement upon the back:

"Protested for want of funds.

Fairfax, May 11, 1883.

W. W. FOSS,

District Treasurer."

The special plea of the defendant was as follows:

"And for a further plea in this behalf, the said defendant by leave of the court, for that purpose first had and obtained, says that the said plaintiff ought not further to have or main-tain his aforesaid action thereof against him, because he says that whereas heretofore, to wit, on the 28th day of March, A. D. 1876, at Fairfax aforesaid, the said school district No. 6 was and for a long period of time prior thereto had been a duly and legally organized school district, and that on the 28th day of March, 1876, at a school meeting duly and legally holden in said dis-trict, one F. B. Sandborn was elected clerk and N. F. Cox was elected a collector of taxes, and one W. W. Warren was elected treasurer and prudential committee, and at said meeting said district voted a tax on the grand list to pay the expense of the school in said district, and afterwards, the said W. W. Warren, as such prudential committee, caused to be made out and issued a rate or tax-bill and warrant against Anson Soule for the collec-tion of a tax so voted as aforesaid, and then and there delivered said rate or tax-bill and warrant for collection to said N. F. Cox, so elected collector, and that said N. F. Cox by virtue of the said warrant and by the aid and assistance of the said W. W. War-ren, arrested the body of the said Anson Soule and committed

him, the said Anson Soule, to the keeper of the jail in St. Albans, and that afterwards, to wit, on the 22d day of January, A. D. 1878, the said Anson Soule commenced an action for false imprisonment against the said W. W. Warren, N. F. Cox and F. B. Sandborn, which was returnable at the April Term, A. D. 1878, at the Franklin County Court, and that such proceeding was tried therein at the April Term, A. D. 1878. Judgment was rendered in favor of said F. B. Sandborn, and in favor of plaintiff against the said W. W. Warren and N. F. Cox for his damages and costs, and that afterwards at the January Term of the Supreme Court, A. D. 1880, in Franklin county, said judgment was affirmed, and the defendant avers that at the time when the said N. F. Cox was elected collector as aforesaid and when he received said rate or tax-bill and warrant as aforesaid, and with the aid of said W. W. Warren arrested and committed the said Anson Soule to jail as aforesaid, he, the said N. F. Cox, was not an inhabitant of, nor a legal voter in said school district No. 6, and was not by law eligible to the office of collector and was in no way or manner legally authorized or qualified to serve said warrant, all of which was well known to the said W. W. Warren at the said several times aforesaid, and that said plaintiff is not the *bona fide* holder and owner of the order in the specification mentioned.

That the counsel fees mentioned in the order set forth in plaintiff's specification were counsel fees paid by said W. W. Warren in his defense of the aforesaid action of Anson Soule against him and no other or different action. And this he, the said defendant, is ready to verify. Whereof he prays judgment if the plaintiff ought to have or maintain his aforesaid action thereof against him, etc."

*J. J. Monahan,* for the defendant.

The order was not payable to the plaintiff, and such orders, although drawn to bearer, are not negotiable. *Hyde* v. *County of Franklin,* 27 Vt. 185 ; *Taft* v. *Pittsford,* 28 Vt. 286 ; *Smith* v. *Cheshire,* 13 Gray, 318 ; Daniel Neg. Inst. 431 ; 1 Dill. Corp. 427.

*M. H. Alexander* and *L. F. Wilbur,* for the plaintiff.

A school district order payable to order or bearer is negotiable. *Dalrymple* v. *Whitingham,* 26 Vt. 345 ; *Cook* v. *Winhall,* 43 Vt. 434 ; *Davenport* v. *Johnson,* 49 Vt. 403 ; R. L. ss. 514, 2712.

And it may be recovered in the name of the bearer under the general counts. *Sutton* v. *Burnett,* 1 Aiken, 197 ; *Brigham* v. *Hutchins,* 27 Vt. 569 ; Roberts' Dig. 55, s. 44; *Austin* v. *Burchard,* 31 Vt. 589 ; *Fletcher* v. *Fletcher,* 29 Vt. 98 ; *Gage* v. *Kendall,* 15 Wend. 640 ; 13 U. S. Dig. 530, s. 65 ; *Fleny* v. *Roget,* 5 Sandf. 646.

It will be presumed that the collector was legally acting unless the defendant's plea affirmatively shows the contrary. Gould Pl. 357, s. 97; 20 U. S. Dig. 704, ss. 7, 19, 20, 21, 23.

And it is not enough to allege that he was ineligible ; the reasons for the ineligibility must appear. Steph. Pl. 340.

The opinion of the court was delivered by

ROWELL, J.  The motion to dismiss is sought to be maintained on the ground that the plaintiff cannot recover as bearer on the order set out in the specifications, or bill of particulars, because it is not negotiable. This ground is entirely untenable, and wholly misconceives the nature and scope of a motion to dismiss. Such a motion is in the nature of a plea in abatement, and is not used for testing the right of recovery on the merits, but only for impeaching the correctness of the proceedings for the purpose of abating the action. Defects apparent on the face of the declaration, independent of any reference to the writ or its service, are not pleadable in abatement nor the subject of a motion to dismiss. The proper way of taking advantage of such defects is by demurrer or motion in arrest of judgment. Gould Pl. 252, s. 64. When the matter pleaded goes in denial of the right of recovery in any action, it is in bar ; but when it goes only to defeat the *present* action, and does not show that the plaintiff is forever barred, it is in abatement. 1 Chit. Pl. [*446]. We are now speaking generally without undertaking to note any exceptions, for that is unnecessary for present purposes.

There is another reason why the motion cannot be maintained. The defendant's counsel bases his argument in support of it upon the assumption that the specifications are a part of the declaration for the purpose of pleading, which is not so. Speci-

Alexander *v.* School District No. 6.

fications are the creature of the court, and are not a part of the record for the purpose of subsequent pleading. Their object is to give the defendant more specific and precise information as to the chaiacter and extent of the plaintiff's claim than the declaration gives; and their effect is to limit the plaintiff's proof and keep it within them. *Lapham* v. *Briggs,* 27 Vt. 26; Anon. 19, Wend. 226, and note; *Dibble* v. *Kempshall,* 2 Hill, 124; *Blunt* v. *Cooke,* 4 M. & G. 458; *Wright* v. *Dickson,* 67 Mich. 580; 11 Am. St. Rep. 602.

The special plea commences in bar of *further* maintenance of the action, but concludes in bar *generally,* and the subject matter of it is not alleged to have arisen after suit brought. It is not, therefore, a plea to the *further* maintenance of the action, but in bar *generally.* In *Executors of Schoonmaker* v. *Elmendorf,* 10 John. 49, a plea commencing in abatement but concluding in bar was held to be a plea in bar.

But it is defective, for that it does not allege, save as one may conjecture, that Soule's suit against Warren and Cox was for being imprisoned on said tax warrant. It is also defective in negativing Cox's authority to serve said warrant, as it does not negative that he was collector of town taxes, for such collectors are eligible as collectors of school district taxes, although not inhabitants of the district. R. L. 510.

If the allegation that Cox " was not by law eligible to the office of collector, and was in no way or manner legally authorized or qualified to serve said warrant," be treated as issuable matter, it is defective in not setting forth the facts showing his ineligibility and want of authority. Steph. Pl. [\*340–1]. But if said allegation be treated as a conclusion of law from the facts antecedently stated, it is not issuable, and the demurrer does not admit the correctness of the conclusion. Gould Pl. 471, s. 29; *Dillon* v. *Barnard,* 21 Wall. 430, 437; *Pennie* v. *Reis,* 132 U. S. 464.

*We find no error, but that the defendant may replead or go to trial on the general issue, the judgment is reversed pro forma and the cause remanded.*