No. 17,619.

## MYERS *v.* CITY OF JEFFERSONVILLE ET AL.

APPELLATE PROCEDURE.—*Dismissal.—Failure to File Brief.*—An appeal will be dismissed by the Supreme Court, where the appellant has expressly declined to file a brief, in the absence of a request by the appellee that the cause be passed upon by the court, under rule 20, of the court.

From the Clark Circuit Court.

*J. E. Taggart*, for appellant.

*L. A. Douglass*, for appellees.

McCABE, J.—This was a suit brought by the appellant against the appellees, mayor and common council of said city, to enjoin the issuing and selling certain bonds of said city. The circuit court overruled a demurrer to an affirmative answer by the appellees, and the plaintiff, appellant, refusing to plead further, and standing by his demurrer, the defendants, appellees, had judgment that appellant take nothing by his suit.

The appellant has assigned that ruling as error. He has filed no brief, and has expressly declined to do

so by filing a paper in which he says, ''The appellant hereby waives the filing of a brief in the above case, and requests that the case may be decided upon the appellees' brief." The appellees alone have filed a brief, but they have filed no written request that the cause be passed upon by this court. Rule 20 of this court requires the appellant to file a brief within a certain specified time after the cause is submitted, in default of which the clerk is required to enter an order dismissing the appeal, unless the appellees shall have filed with the clerk a written request that the cause be passed upon by the court. As before observed, this has not been done.

It has often been decided by this court that the failure by the appellant to brief an error assigned is a waiver of such error.

The express declination of the appellant to file a brief is a waiver of the error he has assigned. The appellees have no legal right in the absence of the rule mentioned to require this court to decide the error assigned by the appellant, because the appellees have got all they asked for in the trial court. But they could have procured the decision of the question presented by the assignment of error by complying with the rule.

The error assigned having been waived, the appeal is dismissed.

Filed May 28, 1895; petition for rehearing overruled April 16, 1896.