# GEORGE M. MARSH

v.

## GEO. F. AND L. A. GRAVES, ADM'RS.

### May Term, 1896.

*Petition for appeal. Motion to dismiss does not go to the merits.*

1. The function of a motion to dismiss is to abate the action for some defect in the proceedings, and not to test the right of recovery upon the merits.

2. If the petitionee, in a petition for leave to enter an appeal from the probate court for that the same has failed of entry by reason of fraud, accident or mistake, claims that the petition does not set forth facts which entitle the petitioner to relief, he should demur and not move to dismiss.

Petition for leave to enter an appeal from an order of the probate court for the district of Bennington. The petitionee moved to dismiss. Heard upon such motion at the December term, 1895, Bennington county, Munson, J., presiding. Motion overruled. The petitionee excepts.

*W. B. Sheldon* for the petitionee.

Failure to enter this appeal resulted from the carelessness of the petitioner. Therefore he can have no relief. *Babcock* v. *Brown*, 25 Vt. 550; *Burbeck* v. *Little*, 50 Vt. 713;

*Congdon* v. *Congdon*, 59 Vt. 599; *Davison* v. *Heffron*, 31
Vt. 688; *Finney* v. *Hill*, 11 Vt. 234.

*O. M. Barber* for the petitioner.

Upon the facts stated the petitioner is entitled to relief.
*Burton* v. *Estate of Burton*, 55 Vt. 434; *Lillie* v. *Lillie's
Estate*, 56 Vt. 714; *Congdon* v. *Congdon*, 59 Vt. 597;
*Rutherford* v. *Allen*, 62 Vt. 260.

The statute should be liberally construed, being remedial.
*Sleeper & Kimball* v. *Croker*, 48 Vt. 9; *Kimball* v. *Kel-
ton*, 54 Vt. 177; *Congdon* v. *Congdon*, 59 Vt. 597; *Ruth-
erford* v. *Allen*, 62 Vt. 260.[1]

ROWELL, J.  This is a petition for leave to enter an
appeal from the decision and report of commissioners on
the estate of Luther R. Graves.  The petition alleges the
seasonable taking of an appeal by the petitioner, but avers
that the probate court, by accident or mistake, did not direct
the manner of giving notice of the appeal in time to enable
the petitioner to give seasonable notice thereof, and that
therefore the petitioner did not nor could seasonably enter
and docket the same in the appellate court.  It further
alleges that at the time the appeal was allowed, the peti-
tioner supposed and believed, and from the probate court
understood, that said court would seasonably direct the
manner in which notice of the appeal should be given, and
seasonably issue the proper process to carry such direction
into effect, and seasonably cause said appeal to be entered
and docketed in the appellate court, which it did not do,
and that the petitioner learned for the first time when it was
too late to enter his appeal, that the law required it to be
entered and docketed within twenty-one days after it was
taken, and that notice thereof had not been given.

The sufficiency of the petition is challenged by a motion
to dismiss, for that the allegations thereof do not make a

case entitling the petitioner to the relief prayed for, nor warranting the court in granting it. The defendants claim that the case thereby made is, that the judge of probate forgot to do what the petitioner understood he was to do, and that his forgetfulness is imputable to the petitioner as negligence on his part, and therefore disentitles him to relief. But the petition does not allege that the judge forgot, nor why otherwise he did not act. Whether the petition is defective in this respect, we need not inquire, for if it is, it is a defect in that part of the pleading that is answerable to a declaration, independent of any reference to the rest of the process or its service, and so is the subject of a demurrer and not of a motion to dismiss, which is not usable to test the right of recovery on the merits, but only to impeach the process for the purpose of abating the action. *Alexander* v. *School District*, 62 Vt. 273.

*Judgment affirmed and cause remanded.*

Taft, J., being engaged in County Court, did not sit.