CHARLES H. NOYES and CARRIE E. NOYES, Admrs. of the Estate of Jane E. Noyes, v. THE VILLAGE OF HYDE PARK and others.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed July 22, 1901.

*Motion to dismiss cannot usurp the office of a demurrer or a motion in arrest—Motion out of time—*Advantage cannot be taken of a misjoinder of defendants or of want of interest in defendants by way of a motion to dismiss. Besides, if advantage could be so taken, a motion to dismiss on these grounds, which are not jurisdictional, is out of time if filed after issue has been joined and testimony taken.

*Motion to dismiss—Question of survival—*When an administrator enters to prosecute a suit brought by his intestate, the question of survival may be aptly raised by a motion to dismiss.

*Survival of actions—Quo warranto proceeding to test the validity of a tax the collection of which is threatened—*The obligation to pay a tax is not contractual and an action of *quo warranto* to test the validity of a tax, the collection of which is threatened, does not survive. Actions to recover back taxes paid under protest and an action to recover money realized from an illegal distress and sale are distinguished.

*Survival of actions—Quo warranto proceeaing the gist of which was the alleged illegal act of selectmen in including a farm within village limits ana so subjecting it to village taxation*—In a *quo warranto* proceeding to test the validity of a tax by a village upon lands outside of its physical limits, it was alleged that selectmen under ostensible legislative authority had illegally and wrongfully included the lands in question within the political limits of the village. The alleged illegal and wrongful act of the selectmen was the gist of the action and did not survive to the administrators of the estate of the complainant. The alleged injury to the estate of the deceased was, at most, a threatened one, and, besides, when injury has accrued to an estate the action that survives is for the recovery of damages.

COMPLAINT for a writ of *quo warranto* brought to the Supreme Court for Lamoille County at its January Term, 1899. Answers were filed January 7, 1899. At the May Term, 1899, the death of Jane E. Noyes, complainant, was suggested and the administrators of her estate entered to prosecute. Testimony was filed May 10, 1900. Afterwards the defendant village filed a motion to dismiss, and the cause was heard on said motion at the May Term, 1901.

*W. L. Burnap* for the complainants.

*G. M. Powers* and *R. W. Hulburd* for the defendants.

ROWELL, J. This is a complaint for a writ of *quo warranto,* preferred by Jane E. Noyes, and prosecuted by her until her death, and since, by the administrators of her estate.

The land and buildings of the intestate, a mile from the physical village of Hyde Park, and parcel of a large farm, were, without her knowledge and consent and against her will, included within the bounds of the village when they were established by the selectmen for the purpose of incorporating the village. The right of the village to tax said property is denied on two grounds, (1) that the village has no corporate existence, for that the statute under which it claims such existence is unconstitutional, in that it undertakes to delegate legislative

power to selectmen; and (2) for that in no event did the statute authorize the inclusion of said property within the corporate limits, as it is not reasonably near the village, nor needed for municipal purposes, nor for any other purposes except farming, for which it has been and is used.

The village, its trustees and collector, are joined as defendants, and a judgment of ouster is sought against them all.

The defendants move to dismiss, for misjoinder of defendants, for want of sufficient interest in the intestate in the matter of the complaint and the judgment sought, and for that the cause of action does not survive. But advantage cannot be taken of misjoinder and want of interest by a motion to dismiss; for such a motion is in the nature of a plea in abatement, and is not used for testing the right of recovery, but only for impeaching the correctness of the proceedings for the purpose of abating the action. Defects apparent on the face of the declaration or what is answerable thereto, independent of any reference to the writ or what is answerable thereto, or to the service thereof, are not pleadable in abatement nor the subject of a motion to dismiss. The proper way of taking advantage of such defects is by demurrer or motion in arrest. *Alexander* v. *School District,* 62 Vt. 273; *Marsh* v. *Graves,* 68 Vt. 400. And besides, this part of the motion is out of time, as it was filed after answer and testimony taken, the questions not being jurisdictional.

But the question of survival is matter of abatement, and a motion to dismiss is apt to impeach the proceedings for the purpose of abating the action on account of the death of the complainant. The question of survival, therefore, stands for consideration.

The statute provides that actions or suits "which survive" and are necessary for the recovery and protection of the property or rights of the deceased, commenced in his lifetime, may

be prosecuted or defended by his administrator.     It is claimed that this case comes within the provisions of that statute, as it is for the protection of the estate of the intestate by preventing its depletion by the wrongful acts of the defendants, and that both the action and the cause of action survive at the common law, but not that they survive by statute; and the ground, and the only ground, on which it is claimed that they survive at the common law is, that the relations and obligations that exist between a taxpayer and the municipality are contractual in character, and that it is fundamental that a man's personal representatives must respond to his contractual obligations on the one hand, and are entitled to enforce and protect them in behalf of the estate on the other hand; that from this it must follow, when damage to the estate is impending, growing out of some contractual right or relation, that the personal representative may resist any depletion of the estate on that account, just as the deceased himself could have done; that the case stands no different than it would had illegal taxes been collected of the deceased under protest, and she had died pending an action to recover the money, when unquestionably her personal representatives could have prosecuted the action.

But this proposition is untenable, because the relation between a taxpayer and the municipality is not contractual, as a tax is not a contract in any sense, as was expressly held in *Johnson* v. *Howard,* 41 Vt. 122.     It is true that if a taxpayer involuntarily pays an illegal tax, a quasi contractual relation is thereby created, for the law would treat the municipality just as if it had promised to pay back the money.     So, too, in case of an illegal distress and sale, if the taxpayer waives the tort and goes for the money.     But here no tax has been paid nor distress made, and so no contractual relation ever existed between the intestate and the village in respect of the tax complained of.

The plaintiffs' claim is based upon the ground that the laying of the tax and its threatened collection are the cause of action on which the complaint is founded.    But we think that the alleged illegal and wrongful act of the selectmen is the cause of action, for without that no ground would be left for the judgment sought.

If this is the cause of action, it is not claimed that it survives, and cannot well be, even by the enlarged and liberal rule that obtained under the statute of 4 Edw. III. c. 7, called the statute *de bonis asportatis in vita testatoris,* for it does not appear on the face of the proceedings that injury has accrued to the personal estate of the deceased, but at most, only that injury is threatened to such estate, which is not enough; and besides, when injury has accrued to such estate, the action that survives is, for the recovery of damages for that injury.    Notes to *Hambly* v. *Trott,* 2 Eng. Rul. Cas. 7; Note to *Boor* v. *Lowrey,* 53 Am. Rep. 525; 22 Am. Law Reg. N. s. 353; 1 Saund. Rep. 216 a, note (1).

*Motion sustained by a majority and the action dismissed because of the death of the complainant, with costs.*