TOWN OF BRIGHTON *v.* M. L. KELSEY.

January Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 11, 1905.

*Action on Penal Statutes—Minute of Magistrate upon Writ— Sufficiency.*

Changes made in a revision of the statutes will not be regarded as altering the law when it was well settled by plain language in the statute or by judicial decision, unless it is clear that such was the intention.

In actions on penal statutes, the minute required by V. S. 1993 to be made upon the writ, by the magistrate signing it, of the day, month, and year when the same "was" signed, is no part of the writ itself; the minute is required to be made upon the perfected writ.

Just above the magistrate's signature to a writ in an action on a penal statute was the following: "Signed and dated at Brighton in the County of Essex this 7th day of June, 1904." *Held*, that this was not a compliance with the requirement of V. S. 1993, and the writ, on motion should be dismissed.

CASE to recover the penalty given by V. S. 382. Heard on motion to dismiss the writ, and on demurrer to the declaration, at the October Term, 1904, Essex County, *Start,* J., presiding. The motion to dismiss was overruled. Thereupon the defendant demurred. Demurrer overruled, *pro forma,* and declaration adjudged sufficient. The defendant excepted. The opinion states all the facts pertinent to the question decided.

*Young & Young* for the defendant.

The motion to dismiss should have been granted. The mere interlining of the words "Signed and" in the date required by the statutory form is no compliance with the requirement of V. S. 1993. *Wheelock* v. *Sears,* 19 Vt. 559; *Dassance* v. *Gates,* 13 Vt. 275; *School Dist.* v. *Austin,* 46 Vt. 90; *Montpelier* v. *Andrews,* 16 Vt. 604.

*H. B. Amey, H. B. Howe, and H. W. Blake* for the plaintiff.

The minute in question is a compliance with the requirement of the statute. *State* v. *Brainard,* 57 Vt. 369.

WATSON, J.   In the court below, the defendant moved to dismiss the writ because the magistrate signing the same did not enter upon it a minute of the day, month, and year when he signed it, as required by section 1993 of Vermont Statutes. To the overruling of this motion, the defendant excepted. No question is made but that the action is within the purview of this statute. Just above the magistrate's signature to the writ itself are the words and figures following:  "Signed and dated at Brighton in the County of Essex this 7th day of June, A. D. 1904."   This, the plaintiff contends, answers the requirements of the statute in this behalf.   By V. S. 1992, "When a complaint, information, or indictment is exhibited in a case mentioned in this chapter, the clerk of the court or magistrate to whom it is exhibited shall, at the time, make a minute thereon in writing, under his official signature, of the day, month, and year when the same was exhibited;" and by section 1993, "When an action is commenced in a case mentioned in this chapter, the clerk or magistrate signing the writ shall enter upon it a minute of the day, month, and year when the same was. signed."

The law of these two sections was originally and for a long time in one section, and an examination of the phraseology there used throws light upon the question before us. In the Statutes of 1787, p. 91, the law reads: "And whenever any indictment, presentment, information, complaint, or declaration, shall be exhibited or drawn on any penal statute, the day, month, and year of the exhibition thereof into any office, or to any officer, which may lawfully receive the same, or of signing the writ, without any antedate thereof, shall be truly marked on such process or proceeding, by the same officer, without any fee for the same; and the said process or proceeding shall be taken to be of record from that day forward and not before." In the compilation of 1797, p. 595, it reads: "That when any bill, complaint, information or indictment shall be exhibited, or any action or suit brought or commenced, * * * the clerk of the court or magistrate to whom such bill, complaint, information or indictment shall be exhibited, or who shall sign the original writ in such action or suit, * * * shall at the time of exhibiting or signing as aforesaid, make a minute in writing under his official signature, on such bill, complaint, information, indictment or original writ, of the true day, month and year, when the same was so exhibited or signed."

Thus it is seen that in the early statutes the character of the proceedings, whether criminal or civil, made no difference. The provision was the same: the clerk of the court or magistrate at the time of the exhibiting of the indictment, etc. or signing the writ, was required to make a minute thereon in writing under his official signature, stating the true time when the same was exhiibted or signed, and for the same purpose, namely, that the process or proceeding might thereby show the day when it should be taken of record in computing the statutory period within which the same could be commenced.

In the revision of 1839, these provisions were divided into two sections, as they now are, but the substance of the law was not changed and has not been to the present time, hence the construction should be the same. The fact that since the division the section relating to complaints, informations, and indictments, in providing that the clerk of the court or magistrate shall "make a minute thereon in writing, under his official signature, of the day, month," etc., uses the same language which was used before the division, while in the section relating to civil actions the language is that he "shall enter upon" the writ "a minute of the day, month," etc. is not such a difference in phraseology as shows an intention that the latter section shall receive a different construction. The rule is, that "changes in a revision will not be regarded as altering the law when it was well settled by plain language in the statute or by judicial construction, unless it is clear that such was the intention." *Clark* v. *Powell*, 62 Vt. 442, 20 Atl. 597; *Whitcomb* v. *Davenport*, 63 Vt. 656, 22 Atl. 723.

In *State* v. *Perkins*, 58 Vt. 722, 5 Atl. 894, it was held that the minute was a substantive and material requirement of the proceedings against the respondent, which might be determinative of the prosecution, and that it was no part of the complaint itself. That case is authority here.

There is no writ until it is signed by someone having authority to issue the same, and the date is a part of it. The prefixing of the words "signed and" to the date, as was done in this case, is not a compliance with the statute; for thereby the magistrate signing the writ does not *enter upon it* in writing under his official signature a minute of the day, etc., when the same *was* signed. To fulfill the purposes of this requirement the minute must be made upon the perfected writ, and the official signature thereto must clearly be for that purpose, rather than to issue the writ. That this is the true construc-

tion appears from the past tense of the verb used in the statute in that connection. It also appears from the laws of 1787. Then, as now, a fee was allowed by law for signing a writ; yet the statute before quoted expressly provides that the minute required thereby shall be made by the officer signing the writ, "without any fee for the same." Thus showing that the making of the minute was an act independent of the signing of the writ. The motion to dismiss should have been granted.

This being decisive of the case, the questions argued upon the demurrer are not considered.

*Judgment reversed, and judgment that the writ be dismissed with costs.*