RUSSELL W. TAFT *v.* WINONA B. TAFT.

January Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed February 3, 1909.

*New   Trial—Petition—Requisites—Petitioner's   Affidavit—Affidavit of Attorney.*

The rules of the Supreme Court, made pursuant to the statute requiring that Court to make all rules necessary for orderly practice therein, have the force of law; and although that Court can alter or abrogate such rules, yet while they stand they must be inforced as to all cases within their scope.

A petition for new trial on the ground of surprise and newly discovered evidence must be accompanied by the affidavit of the petitioner as required by Supreme Court Rule 3, and must also, ordinarily, be supported by the affidavit of petitioner's attorney.

A statutory requisite of process cannot be supplied by amendment.

PETITION for a new trial based on surprise and newly discovered evidence, brought to the Supreme Court for Chittenden County at its January Term, 1909, and then heard on motion to dismiss.

*V. A. Bullard* for the petitioner.

*C. G. Austin & Sons* for the petitionee.

ROWELL, C. J.   This is a petition for a new trial on the ground of surprise and newly discovered evidence. The petitionee moves to dismiss, for that, among other things, the petition is not accompanied with the affidavit of the petitioner nor supported by the affidavit of his attorney. That the petition must be accompanied with the affidavit of the petitioner, is required by a standing rule of this Court, and said in *Bradish* v. *The State,* 35 Vt. 452; and that it must, as a general rule, be supported by the affidavit of the petitioner's attorney, is held

in *Reynolds* v. *Hassam,* 80 Vt. 501, 68 Atl. 645, and nothing appears to take the case out of that rule.

The petitioner moves for leave to amend. But the motion on the ground stated is in the nature of a plea in abatement, and goes only to impeach the petition as a process for the purpose of abating it, and not to its sufficiency as a pleading. *Alexander* v. *School District,* 62 Vt. 273, 19 Atl. 995; *Marsh* v. *Graves,* 68 Vt. 400, 35 Atl. 335. It is not, therefore, amendable, for statutory requisites in respect of the process itself cannot be supplied in that way. This is the result of the cases in this State, as said in *Stevens* v. *Hewitt,* 30 Vt. 262, referring to *Bowman* v. *Stowell,* 21 Vt. 309, where the general power of the court to allow amendments was pretty fully considered, and that result reached. This rule is well exemplified by the cases. Thus, in *Pollard* v. *Wilder,* 17 Vt. 48, which was debt for a penalty, the magistrate signing the writ minuted thereon the time when it was *exhibited* to him instead of the time when it was *signed* by him, as the statute required, and the writ was held defective on motion to dismiss, and the defect not amendable; but the motion was overruled nevertheless, because, being in the nature of a plea in abatement, the objection was waived by not being seasonably taken.

So in *State* v. *Perkins,* 58 Vt. 722, 5 Atl. 894, it was held that the want of such a minute, though no part of the complaint itself, was a substantive defect, fatal to the proceedings, it being seasonably taken advantage of, and that the court was bound to dismiss the complaint. *Brighton* v. *Kelsey,* 77 Vt. 258, 59 Atl. 833, which was case for a penalty, is to the same effect. So a writ requiring a recognizance is abatable without one. *Sisco* v. *Hulburt,* 17 Vt. 118.

As the statute requires the judges of the Supreme Court to make all necessary rules for orderly practice therein, the rule above mentioned, made pursuant thereto, has in a proper sense the force of law; and although the Court can alter or abrogate it, yet while it stands it is binding, and cannot properly be dispensed with to suit the circumstances of a particular case, but must be applied to all cases that come within it. This is expressly so held in *Thompson* v. *Hatch,* 3 Pick. 512, and in *Rio Grande Co.* v. *Gildersleeve,* 174 U. S. 603, 19 Sup. Ct. 761, 43 L. ed. 1103.

5

In *Nye* v. *Daniels,* 75 Vt. 81, 53 Atl. 150, it was held that a postmaster could not be compelled to testify whether a certain registered letter was sent through his office, because a postal regulation then in force forbade him to furnish the information, which regulation, it was held, had the force of law, as it was made pursuant to a statute authorizing the head of each department to prescribe regulations for the government of his department and the conduct of its officers and clerks, etc. The same thing is held in *State* v. *Peet,* 80 Vt. 449, 68 Atl. 661, 14 L. R. A. (N. S.) 677, in respect of a regulation made by the Secretary of Agriculture under the authority of an act of Congress.

*Motion sustained and petition dismissed with costs.*