COMMERCIAL JEWELRY COMPANY *v.* BASILIO DENTE.

January Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed April 4, 1910.

*Practice in Supreme Court—Record—Filing—Special Orders of Court—Nature and Effect.*

An order made by the Supreme Court that the excepting party, who is not ready when his case is reached, shall file the printed case and his brief within a specified time, and in default thereof that judgment shall be affirmed, is within the power of the Court, is in the nature of a special rule of Court made pursuant to statute, and therefore, amounts to a law, and should be enforced as such.

GENERAL ASSUMPSIT to recover payment of two drafts accepted by defendant. Trial by court at the March Term, 1909, Washington County, *Hall,* J., presiding. Judgment for the plaintiff. Defendant excepted.

*R. A. Hoar* for the defendant.

*E. R. Davis* for the plaintiff.

PER CURIAM: This case was brought here by the defendant. When it was reached, he was not ready, and at his request, it was left with the Court, under an order granting leave to the exceptant to file the printed case and his brief within a time specified, and providing that judgment should be affirmed in case he failed to comply with the order. He did not comply.

There is reason to believe that the real force and effect of such an order as was made in this case are not fully appreciated by the members of the bar. We take this opportunity, therefore, to make the matter plain. Orders of this kind are of the nature of special rules of Court, which when made pursuant to statute have all the force of law. *Taft* v. *Taft,* 82 Vt. 64, 71 Atl. 831. They are made to expedite proceedings, and should

be respected by the bar and enforced by the court. Otherwise practice becomes confused and unsatisfactory. That the order in question was within the power of the court is well established. *Pillger* v. *Strassman*, 119 Cal. 691, 52 Pac. 40; *Sutton* v. *Jones*, 9 Colo. App. 36, 47 Pac. 400; *Myers* v. *Jeffersonville*, 144 Ind. 567, 40 N. E. 796; *Brashears* v. *Ventus*, (Ky.) 43 S. W. 405; *Plymouth Clo. Ho.* v. *Seymour*, 74 Minn. 425, 77 N. W. 239.

   *Judgment affirmed.*