AMOS JOHNSON *v.* BENNINGTON & NORTH ADAMS STREET RAIL-
WAY COMPANY ÉT AL.

Special Term at Rutland, November, 1913.

Present:  POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 9, 1914.

*Corporations—Process—Service—Return—Sufficiency—Waiver
of Defects—Motion to Dismiss—Time of Filing—Master and
Servant—Injury to Servant—Sufficiency of Declaration.*

In determining the sufficiency of service of process in an action against
two corporations, a statute authorizing them to consolidate is with-
out effect, where there is no allegation of any action thereunder.

A return of service of process against two corporations, reciting an
attachment of real estate only as the property of "the within named
defendant," and the delivery of a copy "for said defendants" to a
designated "stockholder of said corporations, the clerk of said de-
fendants being without this State, * * * and there being no prin-
cipal officers within this State," shows an attachment against only
one, and that a wholly undesignated, defendant.

The delivery to or for the defendant of a due copy of the process is an
essential part of the service of a writ of attachment under which
property is attached.

In the absence of statutory provision, the court has no authority to
continue a cause to give opportunity to complete a fatally defective
service of process.

It is only where there is an absent defendant that the statute provides
for a continuance of a cause for any purpose connected with ser-
vice of the process.

Where the ground of an unseasonably filed motion to dismiss is of a
dilatory nature, and not jurisdictional, the motion will be over-
ruled, because the failure to object seasonably is a waiver of the
defect.

A motion to dismiss is not available to test the merits of a case.

A codefendant's unseasonably filed motion to dismiss, on the grounds
that no reason for the joinder of the defendants is disclosed by the
writ or declaration, and that it does not appear to which of the de-
fendants the allegations of the declaration are intended to apply,

could properly be overruled as filed out .of time, because the alleged defect would not leave the writ, as to either defendant, the same as if it contained no declaration.

A declaration, in an action against two defendants for injuries to an employee, which is framed only against "said defendant," is bad on demurrer. of one of the defendants for failure to .connect the demurrant with the grounds of recovery.

The assigned ground of a demurrer to a declaration in a servant's action for injuries, that the declaration as a whole does not allege facts sufficient to constitute a legal cause of action, does not raise the question whether the foreman, whose acts constituted the alleged negligence, was a fellow servant.

The general appearance of a defendant sued as a corporation is an admission of its corporate existence and a waiver of summons.

Where, on review, it appeared that the declaration in a suit against two corporations is bad because framed only against "said defendant"; that the service was fatally defective; that one corporation's seasonable motion to dismiss on that ground was erroneously overruled; and that the other corporation then appeared and demurred to the declaration because of said defect. therein, and that the demurrer was, as the record then stood, erroneously overruled, *held* that the second corporation by its general appearance waived the defective. service; that, if the motion to dismiss had been granted, as it should have been, the declaration would then have been sufficient as to the remaining defendant, and its demurrer would have been properly overruled; and that this Court will enter such judgments as the lower court should have rendered.

CASE for negligence, Bennington County, December Term. 1912, *Fish*, J., presiding. Heard on demurrer and motion to dismiss by one defendant, and on motion to dismiss by the other. Demurrer overruled and motions to dismiss denied. Both defendants excepted. Cause passed to Supreme Court before trial on merits.

The only designation in the declaration of any defendant is "said defendant." or "this defendant." In other respects the opinion sufficiently states the case.

*Holden & Healy* for the defendants.

*Charles A. Maurer* for the plaintiff.

MUNSON, J.   The Bennington & North Adams Street Railway Company and the Bennington & Hoosick Valley Railway Company are named in the writ as parties defendant, and are set up as corporations organzied, existing and doing business under the laws of this State.   The suit is brought to recover damages for a personal injury received in the operation of an electric railway running between the villages of Bennington and Hoosick Falls.   The declaration charges "the said defendant" with the ownership, management and operation of this railway, without otherwise designating the defendant.   The officer's return shows an attachment of real estate as the property of "the within named defendant," and the delivery of a copy "for said defendants" to Irving E. Gibson, "a stockholder of said corporations, the clerk of said defendants being without this State * * , and there being no principal officers within this State * *."

The plaintiff's brief refers us to No. 311 of the acts of 1906, which provides for the consolidation of the Bennington and North Adams Street railway system, and is declared to be a public act.   The authorized consolidation is to be upon such terms as the consolidating companies may agree upon; and section ten of the act provides that when the consolidation is consummated the debts and liabilities of each of the consolidating corporations shall attach to and be enforceable against the resulting corporation and its property, and that any pending proceedings may be conducted to final judgment in the names of such consolidating corporations.   There is no allegation of any action taken under this authority, and the act can serve no other purpose than to explain somewhat the situation.

The Hoosick Valley Company appeared specially, and seasonably filed a motion to dismiss, which was overruled.   The ground of the motion is that the officer's return does not show which defendant's property was attached and does not show which defendant the copy delivered was left for, and so fails to show that any service was made on this defendant.   The plaintiff argues that the return shows an attachment of the property of both defendants, and that this gave the court jurisdiction to retain the case as against both, and order further service.   We think, however, that the return shows an attachment against one defendant only, and that one in no way designated.   But, if we assume that the real estate of this defendant was attached, that did not constitute a service of the writ.   The delivery of

a copy to or for the defendant is an essential part of the service, and none is shown by this return. In the absence of statutory provision the court has no authority to continue a case to afford an opportunity to complete a service otherwise fatally defective. It is only in the case of an absent defendant that the statute provides for a continuance of the cause for any purpose connected with the service of the writ. We think the motion of the Hoosick Valley Company should have been sustained, and the writ dismissed as to it.

The North Adams Company entered a general appearance, and filed a motion to dismiss and a general demurrer, both of which were overruled. The motion to dismiss was filed out of time and could properly be overruled for that reason, unless within some exception to the general rules governing the subject. When the ground of a motion not seasonably filed is of a dilatory nature, and not jurisdictional, the motion will be overruled, because the failure to object seasonably is a waiver of the defect. *Wade* v. *Wade,* 81 Vt. 275, 69 Atl. 826. When the motion is one which goes to the merits of the case it will be overruled because the procedure is not available to test the merits. *Alexander* v. *School Dist.,* 62 Vt. 273, 19 Atl. 995; *Noyes* v. *Village of Hyde Park,* 73 Vt. 261, 50 Atl. 1068. The ground of this motion is, in substance, that no reason for the joinder of this defendant is disclosed by the writ or declaration, and that it does not appear to which of the defendants the allegations of the declaration are intended to apply. The defendant claims that an imperfection of this nature, although pertaining to the declaration, constitutes a defect which can be taken advantage of by motion; and refers in support of its claim to *Bliss* v. *Conn. etc. R. R. Co.,* 24 Vt. 428. The argument is that, inasmuch as this defendant is not designated in the declaration, there is really no declaration against it, and that the entire want of a declaration presents a jurisdictional question. If the defendant is right as to this, the time of filing the motion is of no consequence. But we think the defect complained of does not leave the writ as to either defendant the same as if it contained no declaration whatever; and that the court could properly overrule this motion as filed out of time.

The North Adams Company seasonably filed a specification of the grounds relied upon in support of its demurrer. The grounds specified are that it does not appear from the declaration

which defendant employed the plaintiff, or that this defendant employed him; and that it does not appear which defendant was guilty of the wrong complained of, or that this defendant was guilty of it; and that no reason for the joinder of this defendant is shown, and that therefore there is a misjoinder. The declaration is clearly defective in that it fails to connect the demurrant with the grounds of recovery.

The assignment of grounds of demurrer concludes by stating that the declaration as a whole does not allege facts sufficient to constitute a legal cause of action. Under this clause the demurrant argues the claim that upon the facts alleged the foreman whose act is complained of was in that matter the fellow servant of the plaintiff. But this claim cannot be considered, for the clause under which it is made is no more specific than the general demurrer, and did not bring this question before the county court for its consideration.

The two motions to dismiss and the demurrer were overruled at the same term, and the statement thereof in the exceptions is that "the aforesaid demurrer and motions to dismiss were overruled." It will be necessary in reviewing the action of the court to treat the several holdings as successively made in some specified order. If the motion of the Hoosick Valley Company had been sustained and the writ dismissed as to it, the writ would have become sufficient as to the North Adams Company in the respect above considered. The general appearance of the North Adams Company was an admission of its corporate existence and a waiver of summons. In view of this appearance the question whether the property attached was the property of the North Adams Company becomes unimportant.

In our disposition of the case we shall treat the Hoosick Valley Company's motion to dismiss and the demurrer of the North Adams Company as having been disposed of by the county court in the order in which they were filed. As we have seen, the motion of the Hoosick Valley Company should have been sustained and the writ dismissed as to it. If this had been done, the North Adams Company would have remained the sole defendant, and the declaration would have been sufficient as against the cause assigned. But, with the motion of the Hoosick Valley Company overruled, it was error to overrule the demurrer of the North Adams Company. In this situation the Court will enter such judgments as the county court should have rendered.

*Judgment overruling the motion of the Bennington & Hoosick Valley Railway Company reversed, motion sustained, and writ dismissed as to said Company. Judgment overruling the motion of the Bennington & North Adams Street Railway Company affirmed. Judgment overruling the demurrer of the last named Company affirmed, and declaration adjudged sufficient. Cause remanded.*