STATE *v.* ROBERT HARRE.

October Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed November 2, 1937.

218

*P. C. Warner* for the respondent.

*W. K. Sullivan,* State's attorney, for the State.

SLACK, J.  This is a prosecution in the Franklin municipal court for the unlawful sale of intoxicating liquor. The complaint was presented to the court January 8, 1937, by John H. Webster, the then State's attorney for Franklin County. A trial was had thereon by jury January 27, 1937, which resulted in a disagreement. Webster's term of office expired January 31, 1937, and the day following William K. Sullivan became State's attorney for said county. On February 8, 1937, he amended, or attempted to amend, the complaint by filing thirty-three additional counts, and later (when did not appear) entered a *nolle prosequi* as to those in the original complaint. Another trial by jury was had February 11, 1937. At the close of the State's evidence a *nolle prosequi* was entered as to seven of the new counts, a verdict was directed for the respondent on six others, he was found guilty on one (No. 20), and acquitted on nineteen.

He seasonably filed a motion in arrest of judgment on various grounds. This was overruled, judgment was entered and sentence imposed.

It appears from the original complaint and the amendment which are referred to in the exceptions, that the new counts are attached to the original complaint following the words:

"Comes John H. Webster State's Attorney of the county aforesaid, in his proper person, and on his oath of office, makes complaint that Robert Harre of Richford in the county of Franklin, at Richford,"

in the first count thereof, as a continuation of such count; and that each succeeding count begins: "Comes the State's Attorney in his proper person," etc., without averring, directly or by reference to the original complaint or the preceding count, the county he represents. Following the new counts are the remaining parts of the original complaint, including the signature of Webster, as State's attorney for Franklin County, and none other. No one, in fact, signed the amendment and it does not bear a minute of the day, month or year when it was presented to the court, although the exceptions state that it was "filed" February 8, 1937.

■ No question is made but that Sullivan had authority to amend the complaint of his predecessor in matters of form or substance. *State* v. *Barrell,* 75 Vt. 202, 54 Atl. 183, 98 A. S. R. 813; *State* v. *Meacham,* 67 Vt. 707, 32 Atl. 494. The trouble concerns the way in which it was done or attempted.

The ground briefed in support of respondent's motion is that the court lacked jurisdiction of the count upon which he was convicted, because the day, month and year when the amendment was presented to the court was not minuted thereon as required by P. L. 2457, and because such amendment was not signed by a prosecuting officer "having jurisdiction of the offense," which we assume to mean one who had authority to sign the complaint, or by anyone.

■ ■ Assuming that the failure of the court to minute on the amendment the day, month and year when the same was presented was a fatal defect if seasonably taken advantage of, *State* v. *Wakefield,* 60 Vt. 618, 621, 15 Atl. 181; *Town of Brighton* v. *Kelsey,* 77 Vt. 258, 59 Atl. 833, and other cases, it was waived in the instant case by first submitting to a trial on the merits, *State* v. *Butler,* 17 Vt. 145; *State* v. *Perkins,* 58 Vt. 722, 724, 5 Atl. 894; *Taft* v. *Taft,* 82 Vt. 64, 71 Atl. 831; *Frisbie* v. *United States,* 157 U. S. 160, 39 L. ed. 657, 15 Sup. Ct. 586; *McFall* v. *State,* 73 Ark. 327, 84 S. W. 479. The same would be true of the failure of Sullivan to sign the amendment, *Abbott Bros. Co.*

v. *United States,* 242 Fed. 751; *State* v. *Green,* 229 Mo. 645, 129 S. W. 700; *State* v. *Van Wormer,* 103 Kan. 309, 173 Pac. 1076, 180 Pac. 450; *De Berry* v. *State,* 99 Tenn. 207, 47 S. W. 31; *Lambert* v. *People,* 29 Mich. 71; *Simpson* v. *State,* 16 Okla. Cr. 533, 185 Pac. 116; *State* v. *Shippey,* 10 Minn. 223 (Gil. 178), 88 A. D. 70, were it not for Article II of our Bill of Rights. We held in *State* v. *Donaldson,* 101 Vt. 483, 144 Atl. 684, that warrants without oath or affirmation are thereby forbidden. In that case the respondent was tried and convicted upon a State's attorney's complaint. Respondent moved to set aside the verdict on the ground that the printed form on which the complaint was made out was, with others, signed by the State's attorney in blank, and left with the judge of the municipal court, not with the idea of a complaint against the respondent, but for the convenience of the court if occasion required a prosecution of any kind, and was filled out by the judge's stenographer in the absence of the State's attorney and without his knowledge or consent. It was held that if the facts were as claimed in the offer, although the complaint upon which the warrant was issued bore the signature of the State's attorney, the warrant issued illegally, that it was not merely defective but that the court was without jurisdiction and the conviction void, citing *State* v. *Wakefield, supra,* and *State* v. *Bruce,* 68 Vt. 183, 34 Atl. 701; see, too, *Hazen* v. *Creller,* 83 Vt. 460, 76 Atl. 145; and the case was sent back that the facts covered by the offer be determined and such proceedings had as the law required.

In the instant case the facts, or lack of them, that constitute the claimed shortage are before us, and are not disputed. If the court·lacked jurisdiction in the *Donaldson* case on the claimed facts, it is not apparent how it had jurisdiction of the amendment in the instant case in view of what appears as to how it was made. Had Webster made the amendment in the manner adopted, it might have been sufficient, a question we do not decide, but being made, as it was, by his successor, not on his oath of office or even signed by him, we hold that the court did not have jurisdiction thereof and that the conviction of respondent thereon cannot be sustained.

██ Under the modern practice, if on hearing in this Court a defect which is amendable is discovered, instead of arresting judgment the verdict may be set aside and a new trial ordered.

*State* v. *Rouillard*, 107 Vt. 487, 180 Atl. 890; *State* v. *Baker*, 100 Vt. 380, 138 Atl. 736; *State* v. *Ryea*, 97 Vt. 219, 122 Atl. 422; *State* v. *Palmer*, 94 Vt. 278, 110 Atl. 436. But here there is nothing to amend. The amendment, not being properly in the case, cannot be amended and all of the counts in the original complaint have been nol-prossed. In the circumstances,

*Judgment reversed, motion granted and respondent discharged.*