L. F. LEWIS ET AL., PLAINTIFFS IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Criminal Practice: INFORMATION. A magistrate has no right to alter an information, in any material part of it, without the consent of the person who made it. And, if made with his consent, it should be re-verified before any further step is taken under it.

2. ———: ———. But if such alteration be made, as in changing the value of property alleged to have been stolen so as to reduce the offense from grand to petit larceny, without a re-verification, and the accused go to trial without objecting to the information for that reason, the judgment, whether of acquittal or conviction, is good.

ERROR to the district court for Washington county. Heard below before SAVAGE, J., May 19, 1881.

J. Wesley Tucker, for plaintiff in error.

Consent cannot confer jurisdiction, nor convert that into an information which is not in law. Doyle v. State, 17 Ohio, 225. No objection comes too late which discloses the fact that a person has been put to answer a crime in a mode violating his legal constitutional rights. Id. Nor can an information be changed, even with consent, so as to make it embrace charges not presented by the prosecuting witness (People v. Campell, 4 Parker, Crim. Rep., 386), nor so as to change it in any material respect. It is error

to change the averments in an information. *City of Burlington v. James,* 17 Kansas, 221. In a criminal case the warrant is the basis of the right to try the defendant (*Redmond v. State,* 12 Kansas, 174 and 175), and in this case no warrant was ever issued. *State v. Beebe,* 13 Kan., 589.

*Isaac Powers, Jr., Attorney General,* for the State.

If the record was improperly altered or amended the defendant should have applied to the county court for correction of the same before going to trial on such record, and by not seeking to have such corrections made, the defendants waived the right to afterwards insist that the failure to make such correction, or to have the information re-sworn to, was an irregularity calling for a reversal of the judgment, especially after they have called a jury, permitted proof on behalf of the prosecution in support of the charges in such information to be introduced without objection, and on the part of defendants in denial of such charges, and the case finally submitted to such jury at defendant's instance.

LAKE, CH. J.

The record in this case does not present the question discussed by counsel for the prisoners in his brief. That question is whether a magistrate may lawfully change an information as to the alleged value of the property stolen, from grand to petit larceny, and then, without its being again sworn to, force the accused to go to trial upon it. Clearly, he may not. A magistrate has no right to alter an information in any material part of it without the consent of the person who made it. And even when done with his consent, it should be re-verified before any further step is taken under it. Where an information is found to be defective in any respect a better practice than to change it is to make an entirely new one on which the further prosecution of the case may proceed.

Respecting the change in question, the transcript from the county judge shows that after the accused had been brought before him, and while in lawful custody under a charge of grand larceny, he changed the complaint to one for a "misdemeanor." But it was "not re-sworn to," nor was "any new warrant issued for the re-arrest of the defend-ants." Thereupon the prisoners, by their attorney, "moved that they be discharged, for the reason that the court has no jurisdiction over the parties." This motion was over-ruled and an exception taken, and the overruling of it is now assigned for error.

From this it will be observed that the only reason given for the motion was that the court had "no jurisdiction" over the prisoners, and that in overruling it the judge decided simply that he had. In this decision there was no error, for the reason that the prisoners were then in the presence of the magistrate, under a lawful arrest, by virtue of a warrant duly issued charging them with the commission of a criminal offense. And although the complaint on which the warrant issued was changed, as stated, yet no objection being made to it on that account, it will, nevertheless, sup-port a conviction for the offense which it now charges. The failure to object in the first instance must, after trial and judgment, be regarded as an assent to the change, which cannot afterwards be withdrawn. The court certainly had jurisdiction of the accused, for if the result of the trial had been an acquittal instead of a conviction, it could not be successfully contended that the judgment would not have been a complete bar to another prosecution of them for the same larceny.

If, as now appears from the assignments of error and the brief of counsel, the motion to discharge were based on the change in the affidavit, that matter should have been brought to the attention of the magistrate by a particular mention of it as the ground of objection to going to trial upon it. Although it is the undoubted right of one ac-

cused of crime to insist upon a sworn complaint, yet if he go to trial on one that is not sworn to without objection for that reason, the judgment, whether of acquittal or conviction, is good.   The objects of the complaint are:   *First.* To furnish the magistrate who is to issue the warrant of arrest with *prima facie* evidence that an offense has been committed, and by whom.   *Second.* To inform the accused when arrested, in a responsible manner, of what he is charged, so that he may be prepared to meet it on the trial.   *Third.* To guard against unfounded and unjust accusations.   And it has been found that these objects are best assured by requiring the complaint to be made under the responsibilities of an oath or affirmation; therefore the law requires it.   But if the accused see fit to waive the benefit of the oath, and go to trial on an unverified complaint, it will not affect the result.   There is no error in the record of which the prisoners can now be heard to complain, and the judgment of the district court affirming that of the county court must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.