No. 18,151.

Ed Bustamante *v.* People of the State of Colorado.

(317 P. [2d] 885)

Decided November 4, 1957.

Mr. CARMEL A. GARLUTZO, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, County Clerk of Las Animas County, Colorado, to whom we shall refer herein as defendant, was convicted, as County Clerk, of having embezzled on or about January 2, 1954, funds of said county in the amount of $888.40. Defendant, as County Clerk of Las Animas County, had previously been convicted by a jury of embezzling $1689.00 of said county's funds between May 24, 1953, and October 19, 1954. This latter conviction was reversed on May 21, 1956, by this court in Case No. 17,802, due to errors of law and remanded for a new trial. *Bustamante v. People,* 133 Colo. 497, 297 P. (2d) 538.

In the instant case, both prior to and throughout the trial, defendant's counsel repeatedly and in proper time advanced the plea of double jeopardy because the second trial began April 30, 1956, and as appears above this court had not yet decided the first case then here on writ of error.

Motion to set aside the verdict and to discharge the defendant was overruled and denied as was defendant's motion and amended motion to grant a new trial, and defendant was sentenced to the state penitentiary. Defendant is now here on writ of error.

Of the twenty-two errors alleged we need only consider two, which are summarized as hereinafter set forth.

### FIRST QUESTION TO BE DETERMINED:

*Is it prejudical error to deny a defendant's motion, made and ruled upon before trial, to strike a verification placed on the information after service thereof, and to fail to quash said information as a result of said motion?*

This question is anwered in the negative.

■ In Colorado the "Requisites of information—form" are set forth by statute (C.R.S. '53, 39-4-4), and no allegation is made that the information violates any provision thereof. Defendant's complaint is that C.R.S. '53, 39-4-2 relating to the verifying of informations was not followed before trial resulting in prejudicial error. The latter section provides in part:

"* * * In all cases in which the defendant has not had or waived a preliminary examination there shall be filed with the information the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed."

In the instant case the information was filed in the district court September 28, 1955. On March 26, 1956, following a hearing on defendant's motion to quash the information the trial court granted the district attorney twenty-four hours to verify the information. The record shows it was then verified by one Fred E. Gonzales on that date.

It is elementary that one charged with crime must be brought into court on a complaint, information, or indictment made or found according to the requirements of the law. *State v. Donaldson,* 101 Vt. 483, 144 A. 684. Unless the correction or amendment to the charging instrument is of a minor irregularity or minor defect, the information is not merely defective, it is void and of course is not subject to curative action. Any conviction based on an information requiring major amendment is void, for the court is without jurisdiction. *State v. Harre,* 109 Vt. 217, 195 A. 244.

It has been held that when an information is found to be defective in any respect that it is the better practice to make an entirely new one and it clearly cannot be altered or amended without the consent of the one who made it. *Lewis v. State,* 15 Neb. 89, 17 N. W. 366.

22 C.J.S. 466, §314, says in part:

"Generally, a complaint (criminal) or affidavit may be amended so as to correct minor irregularities or defects but major defects such as a material misnomer of accused or an omission of essential allegations cannot be cured by amendment on the examination. * * *"

If the accused sees fit to waive the benefit of the oath and go to trial on an unverified complaint he cannot later complain. *Lewis v. State,* supra.

In Colorado it has been held that want of such an affidavit on an information is not jurisdictional. It is for the benefit of the defendant and is waived unless timely objection is made thereto in the trial court. See *Harris v. Municipal Court,* 123 Colo. 539, 543, 234 P. (2d) 1055 and authorities cited therein. Once timely objection is made the verification may be provided before trial at the direction of the trial court. *Brown v. State,* 9 Okla. Cr. 382, 132 Pac. 359.

In this action prior to the trial the state could have withdrawn the information and, by the same token, it could have had defendant served with a properly verified information. Here defendant was not prejudiced by the

amendment; he was never under any misapprehension as to what he was charged with; he was not surprised nor misled; he was never misnamed nor denied an essential allegation. We thus conclude that the correction authorized before trial by the trial court was of form not substance. It therefore must be considered to have been an irregularity subject to correction in proper time. See *St. Louis v. People,* 120 Colo. 345, 355, 209 P. (2d) 538; and *U.S.A.C. Transport Inc. v. U. S.,* 203 F. (2d) 878. Certiorari denied. See 73 S. Ct. 1139, 345 U. S. 997, rehearing denied, 74 S. Ct. 16, 346 U. S. 842.

Thus defendant having been found to be subject to the trial court's jurisdiction by virtue of the corrected information we now proceed to consider the issue of double jeopardy.

*SECOND QUESTION TO BE DETERMINED:*

*When a defendant has pending a writ of error based upon his conviction of the crime of embezzlement allegedly committed between certain dates may the state, over defendant's objections, file on defendant and proceed to trial for an alleged embezzlement on a date certain which is contained within the former period of time and which in so far as the informations are concerned involves the same office and funds?*

This question is answered in the negative.

In *Bustamante v. People,* No. 17,802, supra, the charging part of the information read:

"That **ED BUSTAMANTE,** late of the County of Las Animas, State of Colorado, then and there being a duly elected officer of the County of Las Animas, State of Colorado, to-wit: a duly elected, qualified and acting County Clerk and Recorder of and for the County of Las Animas, State of Colorado, *did, between the dates of May 24, 1953, and October 19, 1954,* wilfully, unlawfully, corruptly and feloniously use, make way with, secrete, and convert to his own use *the sum of $1,689.00,* lawful money of the United States of America, and being a portion of the public funds or moneys of said Las Animas

County, Colorado, then and there being in the possession of the said ED BUSTAMANTE and over which he, the said ED BUSTAMANTE, had the supervision, care and control by virtue of his said office." (Emphasis added.)

In the instant case the same defendant was charged as follows; to-wit:

"That ED BUSTAMANTE, late of the County of Las Animas, State of Colorado, then and there being a duly elected officer of the County of Las Animas, State of Colorado, to-wit, a duly elected, qualified and acting County Clerk and Recorder of and for the County of Las Animas, State of Colorado, *did, on or about the 2nd day of January, 1954,* wilfully, unlawfully, corruptly and feloniously use, make way with, secrete, and convert to his own use *the sum of Eight Hundred and Eighty-Eight Dollars and Forty Cents ($888.40)* in lawful money of the United States of America, and being a portion of the public funds or moneys of said Las Animas County, Colorado, then and there being in the possession of the said ED BUSTAMANTE and over which he, the said ED BUSTAMANTE, had the supervision, care and control by virtue of his said office." (Emphasis added.)

Both informations are the same in content and form except for the underscored wording.

The record shows that the State below claimed in its answer to the motion alleging former jeopardy that the two informations are based upon separate statutes. We think the two documents speak for themselves and the statutory wording in both is that of C.R.S. '53, 40-19-3. Based upon the informations it is obvious that the evidence necessary to support a conviction in this case must be the same as at least part of the necessary evidence in Case No. 17,802. In each case the question is: Did defendant embezzle public funds as alleged? The fact that the second information alleges a date certain and a lesser amount embezzled is immaterial because the whole necessarily includes its parts.

In *Fehringer v. People,* 59 Colo. 3, at 4, 147 Pac., 361, this court said:

"Clearly, in every information or indictment charging a criminal offense, good pleading requires that sufficient facts be set forth to identify the crime from another infraction of the same law by the same defendant. This would seem essential in order to safeguard the accused against a second prosecution for the same offense, as well as to acquaint him with what he must meet on trial."

Article II, §18, Constitution of the State of Colorado, states in part:

"* * * nor shall any person be twice put in jeopardy for the same offense. * * * if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy."

12 Cyc. 280-281 says in part:

"* * * If the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar.

"* * * An acquittal or a conviction of a crime is no bar to a subsequent indictment for the same offense or the same species of crime, where the latter is alleged to have been committed at a different date from that previously tried, unless the offense is continuous. But where a continuous offense is charged between specified dates, if any portion of the time covered by the indictment has been used on or applied under a former indictment and has resulted in a conviction the former conviction is a bar."

*Dill v. People,* 19 Colo. 469 at 472-473, 36 Pac. 229, states:

"In determining whether or not a plea of *autrefois acquit* is sufficient in law in a case of this kind, the following may generally be regarded as the proper test:

Was the matter set out in the second indictment admissible as evidence under the first, and could a conviction have been properly maintained upon such evidence? If yes, then the plea is sufficient; otherwise it is not."

To the same effect is *Davidson v. People,* 64 Colo. 281, 170 Pac. 962. In the latter case at pages 282-283 the court sets out some general rules relating to double jeopardy and points out that the plea of former conviction is good either under the constitution or the common law and says in part:

"The protection thus afforded is not against the peril of second punishment, but against being again tried for the same offense." Citing 8 R.C.L. 134 as authority therefor. At page 285 the court said:

"In 8 R.C.L. 138, the circumstances under which legal jeopardy arises are detailed as follows:

" 'A person is in legal jeopardy when he is put in trial, before a court of competent jurisdiction, on an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance.' "

If a violation of law is not continuous in its nature, separate indictments or informations may be maintained for each violation. A distinct repetition of a prohibited act, even on the same day, may constitute a second offense and incur an additional penalty. But where the state is permitted to prove any and all similar offenses which have taken place within a designated period, without electing on which offense it will rely, and can secure a conviction, (as occurred here in Case No. 17,802) if the jury find that the defendant has committed any one of such offenses, an acquital is a bar to a second prosecution for any specific offense committed within the designated period. 15 Am. Jur. 57, §381. *A fortiori,* a conviction even though not yet final, due to its appeal, should and does afford the defendant under our laws with a shield against a second or later prosecu-

tion for the same offense pending determination of his appeal.

 Even though successive acts in the same transaction may constitute separate offenses and be separately punished there are many cases when the facts constitute only one offense and prosecution for part of such a crime can bar prosecution as to the whole crime. 15 Am. Jur. 58-59, §§381, 382.

15 Am. Jur. 53, §378 cited by the State provides in part:

"A plea of former jeopardy based on a conviction for the same offense is not sustained unless it appears that the former conviction was final. Therefore, where a conviction has been appealed from and the appeal is still pending, the defendant may again be tried for the same offense without violating his right as to jeopardy. * * * This rule has not been universally accepted. * * *"

Colorado is in the category not accepting such a doctrine violative of constitutional rights. We hold that if a judgment is reversed for an error in law the accused is in double jeopardy in a case like this where the Prosecutor embarks upon a new similar trial while the former case is pending. Under these facts the state should have awaited the outcome of the first action.

The State also relies upon *Young v. People,* 54 Colo. 293, 299, 130 Pac. 1011, and *Herman v. People,* 124 Colo. 46, 233 P. (2d) 873, both of which are distinguishable from this case.

It is apparent that Art. II, §18 of our Constitution means that *in the same action, upon retrial,* if the judgment was reversed for errors of law a defendant shall not be deemed to have been in jeopardy due to the first trial.

The judgment is reversed.

MR. JUSTICE HOLLAND concurs in the result.

MR. JUSTICES KNAUSS and HALL not participating.