No. 19,904.

CARLOS EDWARD VIGIL *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(375 P. [2d] 103)

Decided October 8, 1962.

Mr. JAMES W. HEYER, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for
defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

PLAINTIFF in error will be referred to as defendant.

The defendant was accused with one Solis of burglary (C.R.S. '53, 40-3-6) and conspiracy to commit burglary (C.R.S. '53, 40-7-36). Trial resulted in a verdict of guilty against each defendant on both counts. Defendant was sentenced to the State Penitentiary for a period of not less than three nor more than five years. Although conviction was had on both counts, only one sentence was imposed and the judgment does not indicate to which count the sentence applied.

The record discloses the following facts: During the darkness of May 23-24, 1960, at about 3 a.m. a number of business machines were removed from the offices of the Comptometer Corporation and some medicines were taken from a doctor's office. A hole was discovered in the office wall and another in the roof of the adjoining doctor's office.

Police were summoned to the scene by a nearby resident who saw two men on the roof of the building in question. When the police arrived they observed the two defendants in a yard attempting to flee. Both were quickly apprehended. At the time Vigil's shoes were untied and he had his socks in his hand.

The investigating officers recovered the stolen goods from the roof and took samples of wood and plaster from the hole in the wall. They also took samples from the shirt and cuffs of defendant. An expert testified at the trial that these were similar to those from the hole, but there was no absolute way of saying they came from the same source.

The witness who saw the men on the roof later testified that the defendants were the same men because she saw them when they were apprehended. She, however, was unable to give positive identification from

seeing them on the roof alone. There was also testimony concerning a parked car which had been seen in the neighborhood for several nights, and was present on the night of the burglary. Neither ownership nor possession of the vehicle were directly connected to either defendant; however, the evidence is that a glove found in this car was a mate to one worn by Solis when he was captured.

Defendant testified in his own behalf. He stated that he was engaged in construction work, that he had been drinking with a girl during the evening of May 23, 1960, and that he was sitting on a porch near the scene of the alleged crime waiting for his girl to return when the officers arrived. He admitted running upon hearing the commotion, but denied any complicity in the offense. No oral or written confession was offered in evidence.

The first ground urged for reversal is that though there was direct evidence of a crime, the evidence linking defendant to it was entirely circumstantial and insufficient to sustain his conviction.

We have carefully examined the record here and conclude that there was ample evidence before the jury to sustain a verdict of guilty. Circumstantial evidence may be, and frequently is, most convincing and satisfactory. *Pena v. People,* 147 Colo. 253, 363 P. (2d) 672 (1961). Such is the case here.

Defendant's second ground for reversal is that it was error to permit the testimony as to the glove worn by Solis and its asserted mate found in the parked car. This evidence was all part of the factual situation for the jury to consider along with the other circumstances of the burglary. Though stated as a conclusion of the officer that the two gloves were mates, the substance of his testimony is that to him they looked like mates. No prejudice resulted to defendant by this testimony.

Next, objection is made to refusal of the trial

court to give defendant's tendered instruction on circumstantial evidence and the giving of an instruction which stated in effect that the jury was not to set or consider the punishment if defendant were found guilty. The instructions objected to are standard instructions repeatedly approved by this court and adequately covered all issues before the jury. This assignment is without merit.

Finally objection is made that the defendant received only one sentence for the conviction of two crimes, and that it was not made clear at the time which crime he was sentenced for. The applicable rule on this point is well expressed in *Savage v. U. S.*, 270 F. 14, 17 (1920). It is there stated that where the sentence imposed does not exceed that which could have been rendered upon a conviction under any count in the indictment (or complaint) there is no reversible error if any of the counts stated an offense. Here either the conviction of burglary or of conspiracy to commit burglary, carry a one to ten year sentence under the statute; therefore one three to five year sentence was not reversible error.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.