No. 21190.

Wesley Berry Petty and Cecil Elton Evans *v.*
The People of the State of Colorado.
(400 P.2d 666)

Decided March 29, 1965.     Rehearing denied April 19, 1965.

James J. Delaney, Eugene F. Costello, David L. Kofoed, for plaintiffs in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THE plaintiffs in error, to whom we will refer as defendants, were found guilty of the crimes of burglary and conspiracy to commit burglary, by the verdicts of a jury. Judgments and sentences were entered on the verdicts. The defendants are here on writ of error seeking reversal of the judgments.

The case is submitted on an agreed statement of facts and there is but one point urged as ground for reversal of the judgments. It is asserted by counsel for the defendants that the information, because of its form and language, failed to charge any offense defined or forbidden by Colorado statutes; more specifically, it failed to properly charge the defendants with the crime of burglary, the offense for which the people were seeking convictions. With reference to the conspiracy count, it is claimed that the offense which the defendants allegedly conspired to commit was referred to as "the transaction described in Count One of this information." This count, defendants contended, failed to describe any offense defined or forbidden by Colorado statutes, and more specifically failed to describe the crime of burglary for which the people were seeking convictions.

The burglary count of the information reads as follows:

"Bert M. Keating, District Attorney within and for the Second Judicial District of the State of Colorado, in the name and by the authority of the people of the State of Colorado, informs the court that Wesley Berry Petty and Cecil Elton Evans on the 9th day of October, in the year of our Lord nineteen hundred and sixty-two, at the City and County of Denver, in the State of Colorado, the building, there situate, of F. Ramos, doing business as Hollywood Barber Shop, then and there feloniously, burglariously, wilfully, maliciously, and forcibly did break and enter, and feloniously, burglariously, wilfully, and

maliciously without force did enter, with intent, the moneys, goods and chattels of the said F. Ramos, doing business as Hollywood Barber Shop in the said building, then and there being, then and there feloniously and burglariously to steal, take and carry away; contrary to the form of the statute in such case made and provided, against the peace and dignity of the people of the State of Colorado."

The argument of the defendants is that the above language fails to comply with the requirement of Rule 7 (c), Colo. R. Crim. P., which reads:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

In substance, it is asserted that the information is faulty for the reason that it should have alleged that the defendants did "feloniously, * * * break and enter the building of F. Ramos," instead of using the language that the defendants "on the 9th day of October * * * in the City and County of Denver * * * the building, there situate, of F. Ramos * * * feloniously * * * did break and enter * * *."

In oral argument the attorney general likened the legalistic and clumsy language used in the information to the following sentence: "Please throw the horse, over the fence, some hay." This message could be given in far better style but there can be no doubt that its meaning is clear. The defendants were adequately advised of the nature of the crime charged against them, and this is all the rule requires.

A similar situation was involved in *Covington v. People,* 36 Colo. 183, 85 Pac. 832, and this court held that the information was not fatally defective. We quoted with approval in that opinion:

"* * * In school the composition would not pass, but it may be tolerated in the courthouse. The meaning is clear, though the verbal inaccuracy is glaring. We may regret that those who write affidavits and warrants

552

guard their pronouns with so little vigilance, but we cannot hold, as matter of law, that their bad grammar vitiates the documents."

The judgments are affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.