No. 23374.

ROBERT CHARLES MORA *v*. THE PEOPLE OF THE STATE OF
COLORADO.
(472 P.2d 142)

Decided July 13, 1970.

262

Rollie R. Rogers, State Public Defender, Edward H. Sherman, Public Defender, Truman E. Coles, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Robert Mora, the defendant, was charged with unlawfully selling a narcotic drug and was found guilty by the jury. The defendant brings this writ of error alleging that the trial court (1) lacked jurisdiction to try him because of a material defect in the information, (2) erred by denying his motions for judgment of acquittal based on alleged entrapment, and (3) failed to accord the defendant a fair trial as constitutionally guaranteed. We do not agree with the allegations of error, and we affirm the judgment of the court.

## I.

■ C.R.S. 1963, 48-5-2, provides that it shall be unlawful for any person to sell any narcotic drug, except as authorized by the statute. The information filed against the defendant in this case charges that he "unlawfully and feloniously had in his possession for sale and did sell a narcotic drug, namely, heroin, a derivative of opium; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

The defendant contends that while the information is generally worded in the language of the statute, it is insufficient because it does not contain the name or identity of the person to whom the sale was allegedly made.

■ Our Rules of Criminal Procedure provide that defenses and objections based on defects in the information, other than that it fails to show jurisdiction in the court or to charge an offense, may be raised only by motion, and failure to thus present any such defense or

264

objection constitutes a waiver of it. Crim. P. 12(b)(2); *Curl v. People,* 53 Colo. 578, 127 P.951.

In the present case, the defendant is questioning the sufficiency of the information for the first time in this writ of error. This allegation was not raised by motion before his plea was entered nor was it raised during trial or in the motion for new trial.

■■ We cannot say that the information fails to charge the defendant with an offense merely because it does not contain the name of the person to whom the narcotics were allegedly sold. While knowledge of the name and identity of the purchaser would be helpful to the defendant in preparing his case, the essence of the crime is the illegal sale, and the general language of the statute is sufficient to charge the commission of the crime.

Our decision in this respect is in accord with those of the Tenth Circuit, namely, *Casias v. United States,* 331 F.2d 570 and *McDowell v. United States,* 330 F.2d 920. In those cases, it was held that the name of the person purchasing narcotics is not an essential element of the federal statute governing narcotic sales, and that no error prejudicial to the defendant resulted from the omission of the purchaser's name from the indictment.

■ There is nothing in the record which would cause this court to grant the defendant relief from the waiver. The defendant did not move for a bill of particulars available to him under Crim. P. 7(f). Nothing in the record indicates that the defendant was hindered in his efforts to prepare his defense. The defendant took the stand and denied the transaction with Esther Comacho. Accordingly, we find that the defendant has waived his right to challenge the sufficiency of the information by failing to make a timely motion.

■ Although urged to the contrary by the defendant, we cannot find that the omission in the information creates a problem with the right of the defendant to have his conviction act as a bar to any subsequent prose-

cution based on the same illegal transaction. As noted in *Casias v. United States, supra,* the information itself need not be sufficient to act as a bar to subsequent prosecution, since it is the judgment which constitutes the bar, and the extent of the judgment may be determined from an examination of the whole record. In the present case, the alleged purchaser, Esther Comacho, testified at length concerning the transaction. The transaction was fixed by testimony as to time and place. The defendant took the stand and denied his participation. The record leaves no opportunity for confusion as to the particular transaction forming the basis for the prosecution.

## II.

The testimony of Esther Comacho, a former girl friend of the defendant, and Officer Mullins of the Denver Police Intelligence and Narcotics Bureau described the transaction which led to the ultimate arrest of the defendant. The testimony of the two witnesses was in substantial agreement. From it, it appears that the defendant called Comacho three or four times during the course of the day the alleged sale took place. During one or more of these conversations, the defendant asked Comacho if she wanted to "cop" (to purchase narcotics). Comacho replied that she would have to wait until her husband returned home. Comacho called Officer Mullins and told him of her conversation with the defendant. Mullins arrived at Comacho's home and gave her sixty-five dollars with which to purchase the narcotics which the defendant had by then indicated he would bring to the house. Comacho purchased heroin from the defendant while Officer Mullins and other law officers observed the sale. The defendant was arrested sometime after the sale.

The defendant argues that the evidence shows a case of entrapment by the police. He points out that the sale might not have taken place if Comacho had not been supplied with money by Mullins, and that Mullins had probable cause to arrest the defendant for possession of

narcotic drugs before the sale took place and could therefore have prevented the crime from occurring.

By so arguing, the defendant misconstrues the essential nature of the defense of entrapment. Entrapment has never meant that the police have a duty to prevent the occurrence of a crime when they have cause to know that a certain crime will be committed. When the criminal is predisposed to commit the crime, he cannot complain when the person with whom he deals during the course of the illegal transaction turns out to be a police officer. Actually, the defendant fails to grasp the distinction between entrapment and detection of crime. Entrapment can be said to exist only where police officers have been the creative force in instigating an offense, the commission of which was not in the mind of the intended victim of the entrapment. *Gonzales v. People,* 168 Colo. 545, 452 P.2d 46; *Reigan v. People,* 120 Colo. 472, 210 P.2d 991.

In the present case, the testimony of Comacho was that the defendant called her and asked whether she wanted to purchase narcotics. Officer Mullins testified that he did not tell Comacho to arrange a sale with the defendant. He only supplied the money needed to purchase the narcotics and observed while the transaction took place. The actions of the officer were clearly within the proper sphere of crime detection, and no element of entrapment exists in this case.

### III.

The defendant argues that he was the victim of a number of alleged errors which either singly or cumulatively resulted in a denial of his constitutional right to a fair trial.

A detailed discussion of each of the seven claims of error would contribute nothing to the content or dignity of this opinion. The first three points raise matters which are admittedly within the discretion of the trial court. It is sufficient to note that there is nothing in the record to indicate an abuse of that discretion.

Defendant's fourth point assigns as error the failure of the prosecutor to make an opening statement. The argument is that in this case, because of the alleged defect in the information and because of the election of the district attorney to waive opening statement, the jury was not properly apprised of the crime for which the defendant was being tried.

It is sufficient to note that Colorado has never made an opening statement in a criminal case mandatory on the prosecution. Instead, this court observed in *People v. Gomez,* 131 Colo. 576, 283 P.2d 949, that Colorado has no statute or rule of court requiring the prosecutor to make an opening statement, and the decision is a matter within the discretion of the district attorney. We can see no reason for departing from that position. In the present case, we have held that the information was sufficient to state a crime, and the jury was sufficiently apprised of the crime by the information.

Point five raised by the defendant deals with an objection raised and sustained during the defendant's cross-examination of Officer Mullins. Mullins was asked in reference to his dealings with Comacho whether he knew that possession of narcotics was a crime. The defendant argues that the trial judge abused his discretion in sustaining an objection to this question and that he has thus been deprived of his constitutional rights of cross-examination to his prejudice.

No discussion of the point is necessary since only three folios later in the record it appears that Officer Mullins did answer questions that brought the desired information before the jury — if in fact the trial judge was in error in previously sustaining the objection — and thus no prejudice resulted from the previous ruling.

Defendant called as his witness, Esther Comacho, who had previously testified for the People. He was prevented from asking her whether the police had threatened to cut off her ADC payments, on the grounds that he was trying to impeach his own witness.

█ We find no error in the court's ruling. At the time the questions complained of were asked, Comacho had been called as a witness for the defendant. The question asked went to her credibility as a witness. The rule in Colorado is clear that a party may not impeach the credibility of his own witness where surprise is not claimed. *Land v. People,* 171 Colo. 114, 465 P.2d 124.

█ The remaining contentions of error deal with alleged defects in the instructions given to the jury and are without merit. The instruction on intent follows the language of C.R.S. 1963, 40-1-2, and has previously been approved by this court. *Poe v. People,* 163 Colo. 20, 428 P.2d 77. The instruction dealing with punishment, wherein the jury was instructed that it would have nothing to do with the punishment in the event of conviction, was approved by this court in *Vigil v. People,* 150 Colo. 582, 375 P.2d 103.

Taken either singly or collectively, the allegations of error do not reveal any error which prejudiced the defendant or denied him a fair trial in this case.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.