No. 25499

## The People of the State of Colorado v. Charles E. Marion
(514 P.2d 327)

Decided September 24, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant (appellant), Charles E. Marion, was convicted by a jury of assault with intent to commit rape. C.R.S. 1963, 40-2-34. The primary issues which were preserved on appeal and which are before us for determination relate to the effect of a prior photographic display on the victim's in-court identification and to the amendment of the information in the course of the defendant's trial. A detailed statement of the facts is not necessary to the resolution of either of the issues which are before us.

The defendant argues that the intended rape victim based her in-court identification on the prior photographic display and was, therefore, inadmissible. However, the court conducted a proper *in camera* hearing and determined that the victim had an independent basis for her in-court identification of the defendant apart from the photographic display. We have previously held that the trial judge's determination at the *in camera* hearing that an independent basis exists, provides a proper foundation for admission of the victim's identification testimony before the jury. *Maynes v. People*, 178 Colo. 88, 495 P.2d 551 (1972). *See also Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

The only remaining issue which we must resolve relates to the amendment of the information. While the jury was being selected, the prosecution was permitted to amend the information, over the defendant's objection, to reflect that the crime which was charged constituted a violation of C.R.S. 1963, 40-2-34, and not C.R.S. 1963, 40-2-32, and was

also allowed to delete certain language from the information. The deletions which the court permitted related to the age of the victim and her marital status. Crim. P. 7(e) provides that: "The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

We have declared that the statutory reference in the information is an immaterial part of the information. *Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967). The deletions which were made did not change the substance of the charge, but only eliminated surplus language in the information to avoid confusion. *See Bustos v. People,* 158 Colo. 451, 408 P.2d 64 (1965). *Compare Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Moreover, the defendant did not request a continuance when the amendment and deletions were made, and the defendant has no basis for claiming prejudice or surprise.

Under the circumstances, we find no error and affirm.