## No. C-1417

## The People of the State of Colorado v. Pearl E. Hertz

(586 P.2d 5)

Decided September 4, 1978.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, for petitioner.

Marshall and Marshall, W. Paul Fryer, Donald W. Marshall, Jr., for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

On October 16, 1976, a Brighton police officer served the appellee Hertz a summons and complaint charging her with driving a vehicle "while under the influence of intoxicating liquor or drugs." Before trial in the Adams County Court, the appellant District Attorney moved to amend the complaint by striking as surplusage the words "or drugs," or in the alternative to elect between the two means of committing the offense. The trial court denied this motion.

The county court then granted the appellee's motion to dismiss holding that because the allegation in the complaint was stated in the disjunctive, the complaint was fatally ambiguous, jurisdictionally defective and therefore void. The district court affirmed.

■ We hold that the county court erred in denying the appellant's motion to amend the complaint. Rule 7(e) of the Colorado Rules of Criminal Procedure, while it applies to informations rather than summonses and complaints as here presented, expresses this court's liberal policy regarding amendment of charging documents:

"*Amendment of Information.* The court may permit an information to be amended as to form or substance at any time prior to trial; the court may permit it to be amended as to form at any time before the verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Crim. P. 7(e).

This rule recognizes that substance should prevail over form and that cases generally should not be dismissed for technical irregularities that can be cured through amendment.

■ Liberal amendment is particularly appropriate here where a police officer in the field, not an attorney, drafts the charges, relying on the language of the statute as a basis for the allegations in the complaint.

■ The trial court should have allowed the appellant to amend the complaint by striking the words "or drugs." This amendment would not have charged any new, different, or additional offense not alleged in the original complaint. Nor would it have resulted in surprise or prejudice to

the defendant. *Cf. Maraggos v. People*, 175 Colo. 130, 486 P.2d 1 (1971); *Bustamante v. People*, 136 Colo. 362, 317 P.2d 885 (1957).

Accordingly, the district court's order is reversed and the cause is returned to the district court with orders to remand to the county court for further proceedings not inconsistent with the views expressed in this opinion.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.