### No. 28083

## The People of the State of Colorado v. Patrick L. Donachy

(586 P.2d 14)

Decided September 18, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief, Criminal Appeals, for plaintiff-appellee.

Dale P. Tursi, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Patrick L. Donachy appeals from his conviction of violation of section 18-8-407, C.R.S. 1973, embezzlement of public property. Defendant challenges, *inter alia,* the sufficiency of the indictment. We find the indictment to be fatally defective and therefore reverse the judgment of conviction. The other issues raised on appeal thus need no discussion.

I.

The indictment returned against this defendant stated:

"That between the dates of January 15, 1976, and March 20, 1976, within the County of Las Animas, State of Colorado, Patrick L. Donachy, a public servant in possession of public moneys and public property, being the property of the Huerfano-Las Animas Area Council of Governments, being a political subdivsion of the State of Colorado, did unlawfully and feloniously convert such public moneys and property to a use other than the public use authorized by law; contrary to C.R.S. 1973, section 18-8-407,

the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

The embezzlement of public property statute, section 18-8-407, C.R.S. 1973, reads in pertinent part:

"Every public servant who lawfully or unlawfully comes into possession of any public moneys or public property of whatever description, being the property of the state or of any political subdivision of the state, and who converts any of such public moneys or property to his own use or to any use other than the public use authorized by law is guilty of embezzlement of public property. * * *"

The indictment, although it tracks the language of the statute, fails to meet the fundamental fairness requirement of apprising the defendant with reasonable certainty of the accusation against him.

## II.

The requirement that the indictment be a clear statement of the essential facts which constitute the offense effectuates the defendant's right to be informed of the nature and cause of the accusation in order to prepare his defense.

Proper effectuation of this right requires an indictment to meet the basic principles of fundamental fairness.[1] *Russell v.United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; *United States v. Nance,* 173 U.S. App. D.C. 472, 533 F.2d 699 (10th Cir. 1976); *Lowenburg v. United States,* 156 F.2d 22 (10th Cir. 1946).

As long ago as 1903, the Colorado Supreme Court announced the same principles in *Schneider v. People,* 30 Colo. 493, 71 P. 369:

"[I]t was held that an indictment for a statutory offense, which charges The same in the language of the statute, is sufficient. Such is unquestionably the general rule * * * . Like all general rules, this one has well recognized exceptions. One of them is that it sometimes becomes necessary in an information or indictment to expand the allegation beyond the statutory words. * * * [I]t is said that this rule, among other things, depends upon the manner in which the offense is defined in the statute; because, if the statute does not sufficiently set out the facts which constitute the offense, so that the defendant may have notice with what he is charged, then a more particular statement of facts is necessary * * *."

In the recent case of *People v. Zupancic,* 192 Colo. 231, 557 P.2d 1195, this court reaffirmed a defendant's right to be informed with reasonable certainty of the nature of the charges against him by requiring

---

[1] Professor Wright, in analyzing the requirement of an indictment's primary office — to inform the defendant of the nature of the accusation against him — concluded the proper criterion to be a "fairness test," *i.e.,* "the test for sufficiency ought to be whether it is fair to defendant to require him to defend on the basis of the charge as stated in the particular indictment * * * ." 1 *C. Wright, Federal Practice and Procedure* (Criminal) § 125 (1969).

that an indictment answer the questions of "who, what, where and how" in cases where the acts constituting the offense are not adequately described by the statute.[2]

The statute involved in *Zupancic* provided, in pertinent part:

"*Jury Tampering.* A person commits jury-tampering if, with intent to influence a juror's vote, opinion, decision, or other action in a case, he attempts directly or indirectly to communicate with a juror other than as part of the proceedings in the trial of the case." 1971 Perm. Supp., C.R.S. 1963, 40-8-609, now section 18-8-609, C.R.S. 1973.

In *Zupancic,* as here, the indictment used the language of the statute; however, mere recitation of the statutory language was held to lack specificity sufficient to give notice to the defendant. The reasoning in *Zupancic* is applicable to the case at bar and controls the result.[3]

The indictment in the present case charged that the defendant "* * * did unlawfully and feloniously convert such public moneys and property to a use other than the public use authorized by law * * *." As written, the indictment does not distinguish what money or property were converted. If money was converted, it does not identify from which fund under defendant's control the money was taken; if property was converted, it is not adequately described or identified.[4] Further, the indictment does not indicate whether defendant is accused of converting the money to his own use or to the use of another; nor does it indicate to what unauthorized use the converted money or property were allegedly put. *Compare Lewis v. People,* 109 Colo. 89, 123 P.2d 398 (upholding embezzlement indictment which tracked statutory language but which also detailed that money was embezzled, the amount of money embezzled, and to whose use the embezzled money was put).

Most importantly, the indictment here fails to delineate how the public money and property were converted. The People contend that

_____

[2] A similar questioning approach was employed in *Lowenburg v. United States,* 156 F.2d 22 (10th Cir. 1946), involving a challenge to an indictment couched in the words of the federal statute which merely alleged that the defendant refused "to work and perform the duties assigned to him by the Director." Because the indictment failed to answer the questions, "what duties, what orders, how many did [the defendant] refuse to perform?" the court declared the indictment wholly insufficient to apprise defendant of the specific charge against him.

[3] The cases relied upon by the People to support the legal sufficiency of this indictment are inapposite because they either declare that an allegation of specific intent need not be included in an indictment, *People v. Silvola,* 190 Colo. 363, 547 P.2d 1283; *People v. Ingersoll,* 181 Colo. 1, 506 P.2d 364; *Edwards v. People,* 176 Colo. 478, 491 P.2d 566, or they deal with sufficiently precise statutes, *People v. McNulty,* 184 Colo. 274, 519 P.2d 1195 (tax evasion); *Digiallonardo v. People,* 175 Colo. 560, 488 P.2d 1109 (confidence game).

[4] The indictment therefore fails to heed the admonition of *People v. Warner,* 112 Colo. 565, 151 P.2d 975: "The general rule is that the required particularity of description of property embezzled is the same as in case [sic] of property stolen. If, however, the court can determine from the indictment that the property therein mentioned is covered by the statute and the jury can determine that it is the property identified by the evidence, no more is mandatory."

the defendant, by taking certain public employees to taverns during working hours, thereby caused the issuance of paychecks to those employees for work not performed. Because of the vagueness of the indictment, it is not clear, as an examination of the record reveals, whethr defendant was to answer for salary he received for work not done while he was allegedly drinking during working hours; for the wages paid the employees for work not done while they were allegedly drinking during working hours; or for the extra public money spent to complete the project allegedly delayed because of employee drinking during working hours.[5] As in *Zupancic,* the indictment failed to disclose the prohibited conduct; it therefore failed to sufficiently advise the defendant of the charge he was facing so that he could adequately defend himself.

Moreover, reference to section 16-5-201, C.R.S. 1973,[6] or similarly worded Crim. P. 7(a)(2), cannot sustain an indictment simply because the offense is stated in the language of the statute defining it. Such reliance fails to recognize the fundamental fairness requirement of sufficient notice hereinbefore discussed. As pointed out in *People v. Westendorf,* 37 Colo. App. 111, 542 P.2d 1300: "Although the legislature has the power to require which elements of an offense must be set forth in an indictment, the ultimate test of the sufficiency of an indictment is whether it is 'sufficiently definite to inform the defendant of the charges against him so as to enable him to prepare a defense and to plead the judgment in bar of any further prosecutions for the same offense.'"

The judgment is reversed and the cause remanded with directions to dismiss the indictment and discharge the defendant.

---

[5] The People further contend that the defendant was adequately apprised of the specifics of the charge against him by the furnishing of a bill of particulars pursuant to a Crim. P. 7(g) motion. However, "* * * a bill of particulars cannot save an insufficient indictment." *People v. Zupancic, supra,* and authorities cited therein; *Wright v. People,* 104 Colo. 335, 91 P.2d 499; *Van Liew v. United States,* 321 F.2d 664 (5th Cir. 1963); 1 *Orfield, Criminal Procedure Under the Federal Rules* § 7:130 (1966).

[6] Section 16-5-201, C.R.S. 1973, provides, in pertinent part: "Every indictment or accusation of the grand jury shall be deemed sufficient technically and correct which states the offense in the terms and language of the statute defining it, or so plainly that the nature of the offense may be easily understood by the jury. * * *"