## No. C-1610

### The People of the State of Colorado v. George Dickinson

(592 P.2d 807)

Decided April 2, 1979.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, for petitioner.

Madsen & Rome, P.C., Gerald M. Madsen, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

On February 1, 1977, a Colorado state patrolman served the respondent Dickinson with a county court summons and complaint charging: (1) one count of driving a vehicle "while under the influence of intoxicating *liquor or drugs"* in violation of section 42-4-1202, C.R.S. 1973; and (2) one count of careless driving in violation of section 42-4-1204, C.R.S. 1973.

Trial was to a jury on July 27, 1977. After the People had presented their case, the respondent moved for a judgment of acquittal on the grounds that count one, alleging driving under the influence of intoxicating *liquor or drugs,* was fatally defective. This motion was denied. The jury found the respondent guilty of both driving under the influence and careless driving.

On appeal the district court affirmed the careless driving conviction but reversed the conviction for driving under the influence, reasoning that pleading "liquor or drugs," in the disjunctive, rendered the complaint void. The People sought review of the district court's reversal. We granted certiorari and now reverse the district court's order.

In *People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978), we recognized that a complaint charging "driving under the influence of intoxicating liquor or drugs" was defective in form only. We held that an amendment should have been allowed to cure this technical irregularity.

Objections based on defects in the form of the summons or complaint must be raised by motion before trial. *Russell v. People,* 155 Colo. 422, 395 P.2d 16 (1964); *Specht v. People,* 156 Colo. 12, 396 P.2d 838 (1964); Crim. P. 12(b)(2) and (3). Failure to assert a timely objection constitutes a waiver of the objection. *Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970).

Here the respondent waited to challenge the form of the complaint until after the People had presented their entire case. Because the objection was not raised earlier, when any deficiency might easily have been cured by amendment, the respondent waived his right to challenge the technical defect. Unless enforcement of procedural requirements is essential to shield substantive rights, litigation should be determined on the merits and not on the basis of technical rules.

Moreover, nothing in the record justifies granting the respondent relief from application of waiver principles. Crim. P. 12(b)(2). The record fails to indicate that the respondent suffered any prejudice in preparing his defense because the complaint referred to both liquor and drugs. In fact he ably defended against the charge of driving while intoxicated by an alcoholic beverage. The complaint's surplus words referring to drugs caused confusion to neither the respondent, the court nor the jury as to the elements of the offense or the appropriate instructions.

On appeal the district court determined only that the complaint was void and did not find it necessary to decide the other allegations of error raised by the respondent. We therefore reverse the district court's judgment and remand the case to that court to decide the remaining issues.

MR. JUSTICE ERICKSON does not participate.