**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Daniel Joseph YBARRA, a/k/a Danny
Joseph Ybarra, a/k/a Daniel J.
Ybarra, Defendant-Appellant.**

No. 81CA0043.

Colorado Court of Appeals,
Div. I.

May 6, 1982.

Rehearing Denied June 10, 1982.

Certiorari Denied Sept. 13, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Susan P. Mele, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Busch, Retrum & Cohen, William S. Retrum, Lakewood, for defendant-appellant.

PIERCE, Judge.

Defendant, Daniel Ybarra, appeals his convictions of two counts of sale of narcotic drugs, conspiracy to sell narcotic drugs, and his adjudication and punishment as an habitual criminal. We affirm.

## I.

The People submitted evidence before a grand jury on a single habitual criminal count. Thereafter, the indictment was dismissed because of § 16–13–103(2), C.R.S. 1973 (1978 Repl. Vol. 8), and an information was filed containing the same allegations but in several counts. At trial, a statutory reference in the information's habitual criminal count was amended from C.R.S. 1963, 48–5–20 to C.R.S.1963, 48–5–2.

Citing *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975), defendant argues that it was prejudicial error for the People to submit evidence to the grand jury on the habitual criminal count. We do not agree.

Defendant's reliance on *Maestas* is misplaced. In *Maestas* an information was filed and a preliminary hearing held. Maestas complained of the absence of evidence to establish probable cause at the preliminary hearing for the habitual crimi-

nal count. Our Supreme Court held that because an habitual criminal charge is not a substantive offense as to which probable cause must be established "the prosecution in this case was not required to present evidence under the Habitual Criminal Statute." *See also People v. Thomas,* 189 Colo. 490, 542 P.2d 387 (1975). Thus, although the presentation of evidence establishing probable cause was not required, the fact that it was presented does not constitute prejudicial error.

Defendant also wrongfully contends that he was prejudiced by the dismissal of an indictment which contained an habitual criminal count followed by the filing of an information containing separate counts with the same allegations as in the indictment.

The substantive purpose of charging papers is to give a defendant adequate notice of the charged offense. *People v. Donachy,* 196 Colo. 289, 586 P.2d 14 (1978). And, substance controls over form when a court considers allegations of error in informations and indictments. *See People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978). Since the allegations in the information were substantially identical to those in the indictment, and only differed in being separated into different counts, defendant's argument involves only a question of form which was not prejudicial. Defendant was still apprised of the counts and should not have been misled by the amendment. *See People v. Marion,* 182 Colo. 435, 514 P.2d 327 (1973).

There is no merit to defendant's argument of prejudice because of the amendment of the statutory references in the habitual criminal counts. In addition to the statutory references, there was specific language of "sale of narcotic drugs" in the information. Therefore, the defendant was not prejudiced by the amendment because he had received adequate notice of the underlying offense. *See Hertz, supra; Marion, supra.*

## II.

Defendant was convicted of felonies in 1974 and 1975. Pursuant to plea negotia-

tions, defendant received concurrent sentencing of the 1975 conviction with the 1974 conviction. Defendant argues that the trial court erred in submitting habitual criminal charges to the jury because he was not twice previously convicted upon charges separately brought and tried under § 16–13–101(1), C.R.S.1973 (1981 Cum.Supp.). We do not agree.

In *Gimmy v. People,* Colo., 645 P.2d 262 (1982), our Supreme Court held that the habitual criminal statute requires that neither the prior felonies nor the resulting judgments of conviction need occur in any particular sequence in relation to each other. The issue is "whether judgments of convictions on the prior felonies have been entered prior to commission of the substantive offense in the pending case." *People ex rel. Van Meveren v. District Court,* Colo., 643 P.2d 37 (1982). Even though the sentences were made concurrent here, separate judgments of convictions resulted from the separate charges in question.

### III.

Defendant while on parole for a Colorado offense was extradited from California to Colorado for parole revocation proceedings. Defendant was then incarcerated in a Colorado jail. Apparently, while out on bail, he committed the offenses involved here which resulted in being arrested for a second parole revocation proceeding. He then filed a request pursuant to the Uniform Mandatory Disposition of Detainers Act, § 16–14–101 et seq., C.R.S.1973 (1978 Repl.Vol. 8), asking that the grand jury indictment be brought to trial within 90 days. Defendant's parole had not been revoked at the time of this request.

Defendant argues that the trial court erred in denying his motion to dismiss pursuant to the Uniform Act because this action was not brought to trial within 90 days after his request. *See* § 16–14–104, C.R.S. 1973 (1978 Repl. Vol. 8).

Under the Uniform Act, as modified in this state, a person who is in the custody of the Department of Corrections has the right to request final disposition of any untried indictment, information, or criminal charge pending against him in this state. Section 16–14–102(1), C.R.S.1973 (1978 Repl. Vol. 8). Pursuant to this section, however, a person is only considered to be in the custody of the Department of Corrections once he has been convicted and sentenced, either for a felony, or as an habitual offender, or as a sex offender. *See* 16–14–102(1), C.R.S.1973 (1978 Repl. Vol. 8).

The question raised by this appeal, however, is whether a parolee who is imprisoned while awaiting a parole revocation hearing is a person in the custody of the Department of Corrections, and, as such, is entitled to have the charges against him tried within 90 days. In another context, parole is distinguishable from imprisonment, because, although a parolee is under supervision and in technical custody, the time spent on parole is not credited as imprisonment in the penitentiary or reformatory. *See* §§ 17–2–205 and 17–2–206, C.R. S.1973 (1978 Repl. Vol. 8).

Furthermore, because parole had not been revoked at the time of his request, defendant was still in a parole status and therefore he was not imprisoned as contemplated by § 16–14–102(1), C.R.S.1973 (1978 Repl. Vol. 8), or § 16–11–301, C.R.S.1973 (1978 Repl. Vol. 8). Hence, until such time as defendant's parole is revoked and he is required to serve out the time remaining on his sentence, he is not a person imprisoned in the custody of the Department of Corrections as contemplated by § 16–14–102(1), C.R.S.1973 (1978 Repl. Vol. 8). The court, therefore, did not err in ruling that the Uniform Act did not apply to a defendant who was awaiting parole revocation proceedings.

We have examined the other allegations of error alleged by defendant and find them to be without merit.

The judgment is affirmed.

COYTE and SMITH, JJ., concur.