The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

Robert **CERVANTES**,
Defendant-Appellant.

No. 81CA0788.

Colorado Court of Appeals,
Div. III.

Sept. 22, 1983.

Rehearing Denied Oct. 27, 1983.

Certiorari Granted Jan. 23, 1984.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Can-

trick, Sol. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Diana L. DeGette, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Robert Cervantes, was convicted by a jury of second degree assault, third degree assault, obstructing a police officer, and resisting arrest. On appeal, he challenges the second degree assault conviction. We affirm.

The offenses committed here arose out of a family dispute between defendant and his estranged wife and an altercation between defendant and police officers who were summoned to the scene. Defendant was initially charged in an information with, *inter alia*, first degree assault of police officer Joseph Tymkowych by use of a deadly weapon, to wit, a St. Bernard dog. Following a preliminary hearing, the court found probable cause lacking as to this count, bound the charge over as second degree assault, and directed the prosecution to file an amended information. The prosecution's motion to amend to charge second degree assault was granted on February 5, 1980, and the count was amended to charge defendant with violating § 18–3–203, C.R.S.1973 (1978 Repl.Vol. 8). No subsection was cited in the amended information, and it stated that defendant:

> "with intent to prevent Joseph Tymkowych, whom he knew and reasonably should have known to be a peace officer, did unlawfully, feloniously, and intentionally cause bodily injury to Joseph Tymkowych."

At an *in camera* hearing held after the jury had been selected and sworn on the first day of trial, November 24, 1980, defendant moved to dismiss this count on the grounds that it failed to charge an offense in that it failed to allege a culpable mental state and did not provide proper notice of the actual charge against defendant. The court denied the motion noting .that although the written count did not "make

sense," the parties knew as a result of the preliminary hearing that the count was bound over as second degree assault, defendant should have made the motion prior to arraignment, and the information could be amended at that time because an amendment would be a matter of form. The court then asked the prosecution if it wanted to move to insert the words "from performing a lawful duty" (as modifying "with intent to prevent," *see* § 18–3–203(1)(c), C.R.S.1973 (1978 Repl.Vol. 8)), the prosecution so moved, and the amendment was granted. Defendant later renewed the motion to dismiss this count, challenging the propriety of granting the amendment, and this motion also was denied.

Crim.P. 7(e) allows for an information to be amended as to form or substance at any time *prior* to trial, but restricts amendments after the commencement of trial to amendments as to form, and then only "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." On appeal, the People do not contest that the amendment to add the words "from performing a lawful duty" occurred after the trial began. Rather, the People argue, as the trial court found, that the amendment was one of form. Conversely, defendant argues that the amendment was one of substance and was therefore prohibited by Crim.P. 7(e). Under the unusual facts here, we hold that the amendment was properly granted.

A criminal information serves a variety of purposes. It serves to advise a defendant of the nature of the charges against him, enables him to prepare his defense, and enables him to plead the judgment in bar of any further prosecution for the same offense. *See People v. Donachy*, 196 Colo. 289, 586 P.2d 14 (1978). However, to be sufficient an information need not allege every element of an offense. *See People v. Ingersoll*, 181 Colo. 1, 506 P.2d 364 (1973).

Here, defendant was well aware following the preliminary hearing that the charge was bound over as second degree

assault and that the prosecution was directed to file an amended information. Moreover, the February 5, 1980, motion to amend, to which the amended information was attached, stated that the prosecution sought to amend to allege second degree assault. Although the amended information was inartfully worded, there is no question that defendant knew he was being charged with second degree assault, and the language used in the amended information could only be construed as alleging a violation of § 18–3–203(1)(c), C.R.S.1973 (1978 Repl.Vol. 8). Accordingly, the information was sufficient for purposes of Crim.P. 7(c). *See Petty v. People,* 156 Colo. 549, 400 P.2d 666 (1965). Therefore, when the inartful information was brought to the court's attention on November 24, 1980, and the prosecution moved to amend to add the missing words, the amendment was one of form and was properly allowed by the court. The amendment did not result in an additional or different charge against defendant, and defendant, having failed to request a continuance, has no basis for claiming prejudice or surprise. *See* Crim.P. 7(e); *People v. Marion,* 182 Colo. 435, 514 P.2d 327 (1973).

Moreover, we find the rationale of *People v. Dickinson,* 197 Colo. 338, 592 P.2d 807 (1979) apropos here. In that case, the information was originally amended in February 1980, but defendant waited until November 1980, after the jury had been selected and sworn, to challenge the information. Defendant failed to raise the challenge earlier· when any deficiency might easily have been cured by amendment. The court ruled defendant had waived his right to attack a defect in the information, stating: "Unless enforcement of procedural requirements is essential to shield substantive rights, litigation should be determined on the merits and not on the basis of technical rules." *People v. Dickinson, supra. See also People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978); *Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970).

Judgment affirmed.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

In the original amended information the People attempted to charge under § 18–3–203(1)(c), C.R.S.1973 (1978 Repl.Vol. 8), but the information did not allege that defendant committed the charged acts with the intent to prevent a peace officer *from performing a lawful duty.* The emphasized language is a material element of § 18–3–203(1)(c). In the absence of this element, defendant is not charged with second degree assault, which is a class 4 felony. The information at best charges defendant with resisting arrest, *see* § 18–8–103, C.R.S.1973 (1978 Repl.Vol. 8), which is a class 2 misdemeanor.

The People argue that the subsequent amendment was one of form only because defendant was well aware that he was being charged with second degree assault. However, while it may be true that defendant was aware, under the circumstances, that he was being bound over on second degree assault, that fact does not render the information sufficient. There are six distinct methods, pursuant to § 18–3–203, C.R.S.1973 (1978 Repl.Vol. 8), in which a person may commit second degree assault. The sufficiency of an information must be determined by consideration of it standing alone and without regard to surrounding circumstances. *See People v. Moore,* 200 Colo. 481, 615 P.2d 726 (1980) (count of information must be judged independent of other counts and must itself charge a distinct offense); *Bustamante v. People,* 136 Colo. 362, 317 P.2d 885 (1957).

The People have not produced any authority that the failure to include a material statutory element of a crime is mere form and not substance. Further, when, as here, the effect of the amendment is to increase substantially the severity of the punishment to which defendant is subjected, then even amendments as to form are not permissible. Crim.P. 7(e); *People v. Johnson,* 644 P.2d 34 (Colo.App.1980), *aff'd*

*on other grounds sub nom., Gimmy v. People,* 645 P.2d 262 (Colo.1982).

Finally, I find no merit in the People's argument that defendant has waived his right to object to any defect in the original amended information. The rationale of *People v. Dickinson,* 197 Colo. 338, 592 P.2d 807 (1979), relied on by the People, is inapposite. The defect in *Dickinson* was in the form which charged driving under the influence of intoxicating liquor or drugs disjunctively. In *People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978), the court held this to be mere surplusage and thus a matter of form. The defect here is one of inadequacy of the charge, not one of surplusage. *See* Crim.P. 12(b)(2); *Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970).

Since the original amended information failed to charge the offense upon which defendant stands convicted, and since the trial court erred in allowing the subsequent amendment, defendant's conviction for second degree assault should be reversed.