Jeanette E. ARAGON, Complainant–Appellant,

v.

DEPARTMENT OF CORRECTIONS SAN CARLOS CORRECTIONAL FACILITY, Respondent–Appellee,

and

State Personnel Board, State of Colorado, Appellee.

No. 04CA2521.

Colorado Court of Appeals, Div. IV.

May 4, 2006.

Frank & Finger, P.C., William S. Finger, Evergreen, Colorado; Ross–Shannon Law Firm, P.C., Bradley Ross–Shannon, Mark W. Gerganoff, Lakewood, Colorado, for Complainant–Appellant.

John W. Suthers, Attorney General, Roberta Lopez, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee and Appellee.

FURMAN, J.

Complainant, Jeanette E. Aragon, appeals the order of the Colorado State Personnel Board that affirmed the administrative law judge's decision denying entry of judgment and denying a hearing on her claim for attorney fees and costs. We affirm in part, reverse in part, and remand.

Aragon is employed as a dental assistant by the Colorado Department of Corrections (DOC). As a dental assistant, Aragon is responsible for inventory control to ensure that dental equipment does not get into the hands of prisoners.

On April 25, 2003, Aragon was assisting a dentist in providing dental treatment to an inmate. Aragon knew the treatment required the use of scissors, and she attempted to retrieve a pair from the medical tool cabinet. Aragon could not locate the scissors, and several co-workers helped her search for them. Although the scissors were ultimately found in a biohazard waste container, there remained a dispute as to how they were misplaced.

Nine days before the scissors incident, Aragon had issued a formal letter of complaint that raised concerns regarding her supervisor's treatment of women.

Although other employees also had access to the dental equipment, DOC issued a notice of corrective action and disciplinary action only against Aragon for the missing scissors.

Aragon appealed the disciplinary action and challenged the corrective action by filing a grievance. Aragon prevailed on her challenge to the corrective action, and the action was removed on June 25, 2003.

Several months into the appeal process on the disciplinary action, DOC, on its own initiative and without explanation, rescinded the disciplinary action and replaced it with a second corrective action.

In response to DOC's rescinding the disciplinary action, Aragon filed a motion for entry of judgment to avoid further litigation of the issue. Aragon also filed a motion for attorney fees and costs. In this motion, Aragon contended that the removal of the disciplinary action showed that DOC was acting in bad faith and, by statute, this entitled her to attorney fees and costs.

The administrative law judge (ALJ) denied her motion for entry of judgment and dismissed the appeal. The ALJ, however, retained jurisdiction for purposes of determining claims for attorney fees and costs and scheduled a hearing on that matter. After submission of supplemental briefs by the parties on the issue of attorney fees and costs, the ALJ vacated the hearing sua sponte and dismissed the case. In the order of dismissal, the ALJ interpreted the attorney fees statute, § 24–50–125.5(1), C.R.S.2005, to apply "only after evidentiary hearing on an appeal of a personnel action." The Personnel Board affirmed.

I.

Aragon argues that the Personnel Board abused its discretion and committed reversible error by refusing to enter judg-

ment against DOC on the disciplinary action. We perceive no error.

■ This court must affirm the decisions of the Personnel Board unless we find that it "acted arbitrarily or capriciously, made a decision that is unsupported by the record, erroneously interpreted the law, or exceeded its authority." *Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239, 1247 (Colo.2001); *see* § 24–4–106(7), C.R.S.2005.

Here, Aragon's disciplinary action included as sanctions a $200 fine, ineligibility for a performance pay award during the annual evaluation cycle, and preclusion from testing for a promotion position within DOC for a period of one year. *See* Pers. Bd. Rule 6–12B, 4 Code Colo. Regs. 801. However, once DOC rescinded the disciplinary action, it lost authority to impose any of these sanctions. Thus, Aragon obtained the relief she sought of avoiding further litigation for the scissors incident. Accordingly, Aragon's request for the Personnel Board to enter judgment against DOC on the disciplinary action was rendered moot. *See Archibold v. Pub. Utils. Comm'n*, 58 P.3d 1031 (Colo.2002) (a case is moot when the relief sought, if granted, would have no practical legal effect).

## II.

■ Aragon also argues that the Personnel Board erred as a matter of law in upholding the ALJ's determination that an evidentiary hearing on an appeal of the disciplinary action was a prerequisite to a request for attorney fees. We agree.

Section 24–50–125.5(1) states, in applicable part:

> Upon *final resolution of any proceeding* related to the provisions of this article, if it is found that the personnel action from which the proceeding arose or the appeal of such action was instituted frivolously, in bad faith, maliciously, or as a means of harassment or was otherwise groundless ... the department, agency, board, or commission taking such personnel action shall be liable for any attorney fees and other costs incurred by the employee ...

against whom such ... personnel action was taken ....

(Emphasis added.)

In construing a statute and determining legislative intent, we rely on the language of the statute and give the words used their plain and ordinary meaning. Section 2–4–101, C.R.S.2005; *see also In re Title, Ballot Title & Submission Clause*, 961 P.2d 1077, 1079 (Colo.1998) (when legislative language is unambiguous, court must give effect to the plain and ordinary meaning of the statute).

Section 24–50–125.5(1) is unambiguous; it states the circumstances that must be present prior to an award of attorney fees or costs. First, there must be a "final resolution" of any proceeding related to a personnel action. Second, there must be a finding that the personnel action or appeal of that action was instituted frivolously, in bad faith, maliciously, or as a means of harassment or was otherwise groundless.

The language of Personnel Board Rule 8–38B parallels that of § 24–50–125.5(1). The rule provides, "If a party requests an award of attorney fees and costs, each party shall be given an opportunity to present evidence on the issue." Pers. Bd. Rule 8–38B(B)(2). Like the statute, however, the rule also requires that before attorney fees and costs may be assessed against a party, there must have been "final resolution" of the proceeding.

The term "final resolution" is not defined in the statute or in the Personnel Board Rules. "Final" is commonly defined as "relating to a concluding court action or proceeding." *Webster's New Collegiate Dictionary* 425 (1981). "Resolution" is commonly defined as "a formal expression of an opinion, intention, or decision by an official body or assembly." *Black's Law Dictionary* 1313 (7th ed.1999).

Hence, in cases involving an appeal of a disciplinary action, the common meaning of the term "final resolution" contemplates a decision by the Personnel Board that concludes the appeal of a personnel action. *See also* § 24–4–105(14)(a), C.R.S.2005; Pers. Bd. Rule 8–67B.

Here, once DOC rescinded the disciplinary action and the Personnel Board adopted the ALJ's December 18, 2003 order dismissing the appeal of the disciplinary action, the matter was concluded. Accordingly, the case had reached its "final resolution," and Aragon was entitled to a hearing on whether she should be awarded attorney fees and costs.

On appeal, DOC argues that the ALJ had already determined there was no legal or factual basis for an attorney fees award. However, our review of the record reveals that the ALJ did not address the merits of this claim.

Because the Personnel Board had reached final resolution of the personnel action, and Aragon was not afforded a hearing on the attorney fees issue, the Personnel Board's order denying Aragon a hearing on her request for attorney fees is reversed.

The Personnel Board's order is affirmed to the extent it declined to enter judgment against DOC. The order is otherwise reversed, and the case is remanded to allow Aragon a hearing on her claim for attorney fees and costs.

Judge CASEBOLT and Judge VOGT concur.