Todd VECELLIO, Complainant–Appellee,

v.

The REGENTS OF the UNIVERSITY OF COLORADO, University of Colorado at Colorado Springs, and University Police, Respondents–Appellants,

and

Colorado State Personnel Board, Appellee.

No. 09CA1622.

Colorado Court of Appeals, Div. II.

Sept. 2, 2010.

Manuel M. Weiss, Colorado Springs, Colorado, for Complainant–Appellee.

John W. Suthers, Attorney General, Jeremy R. Hueth, Special Assistant Attorney General, Jennifer Watson, Special Assistant Attorney General, Denver, Colorado, for Respondents–Appellants.

No Appearance for Appellee.

Opinion by Judge FURMAN.

Respondents, the Regents of the University of Colorado, University of Colorado at Colorado Springs, and University Police (collectively, University), seek review of an order of the Colorado State Personnel Board. The Personnel Board upheld the decision of an administrative law judge (ALJ) to reinstate the employment of complainant, Todd Vecellio, with pay. It determined the University violated Board Rules 6–10 and 6–12(A) by failing to provide a predisciplinary meeting prior to suspending Vecellio without pay. We affirm the order in part, reverse it in part, and remand the case to the Personnel Board with directions.

The ALJ's findings and the undisputed facts in the record reveal the following.

The University employed Vecellio as a police officer.

On September 24, 2008, Vecellio was arrested without a warrant when he arrived at a predetermined meeting location where he intended to have sexual contact with a child. The arresting officer prepared a four-page statement of probable cause, detailing Vecellio's alleged commission of several felonies, including criminal attempt to commit and conspiracy to commit criminal solicitation, sexual assault on a child, unlawful sexual contact, and sexual exploitation of children.

On September 25, 2008, the chief of police of the University sent Vecellio a letter entitled "Notice of Suspension without Pay," stating in pertinent part:

> Because you have been arrested and charged with felonies and a misdemeanor, I am notifying you that per Colorado State Personnel Rule, R–6–12A, your role as police officer for the [University] is hereby **suspended effective immediately without pay** pending the final disposition of any criminal charges against you.

(Emphasis in original.)

Colorado State Personnel Board Rules 6–10 and 6–12, 4 Code Colo. Regs. 801–1:6, discuss employee rights and employer duties in cases involving disciplinary actions.

Rule 6–10 provides in pertinent part:

When considering discipline, the appointing authority must meet with the certified employee to present information about the reason for potential discipline, disclose the source of that information unless prohibited by law, and give the employee an opportunity to respond. The purpose of the meeting is to exchange information before making a final decision. The appointing authority and employee are each allowed one representative of their choice. Statements during the meeting are not privileged.

Rule 6–12 provides in pertinent part:

Disciplinary actions may include, but are not limited to: an adjustment of base pay to a lower rate in the pay grade; base pay below the grade minimum for a specified period not to exceed 12 months; prohibitions of promotions or transfers for a specified period of time; demotion; dismissal; and suspension without pay, subject to FLSA provisions. Administrative leave during a period of investigation is not a disciplinary action. At the conclusion of discipline involving temporary reductions in base pay, it shall be restored as if the discipline had not occurred.

(A) An employee who is charged with a felony or other offense of moral turpitude that adversely affects the employee's ability to perform the job or may have an adverse effect on the department may be placed on indefinite disciplinary suspension without pay pending a final conviction. If the employee is not convicted or the charges are dismissed, the employee is restored to the position and granted full back pay and benefits.

On September 26, 2008, the district court held an advisement hearing and set Vecellio's bail. At that hearing, the court informed Vecellio, "No charges have actually been filed against you, but you are being held for the investigation of sexual offenses."

On October 6, 2008, Vecellio filed an appeal of his "suspension without pay and/or unpaid administrative leave," requesting "reinstatement and back pay or administrative leave with pay, including back pay, pending investigation."

On October 7, 2008, the district attorney filed in the district court an information detailing felony charges against Vecellio for conspiracy to commit sexual assault on a child by one in a position of trust, solicitation to commit sexual assault on a child by one in a position of trust, criminal attempt to commit sexual assault on a child, and enticement of a child.

On October 16, 2008, the district court held an arraignment hearing. At that hearing, Vecellio was formally served with the information.

In his appeal before the ALJ, Vecellio sought partial summary judgment, arguing that he had not been charged with a felony on September 25, 2008, and was, therefore, entitled to a predisciplinary meeting under Board Rule 6–10 prior to being suspended without pay. The University also sought summary judgment on the ground that it had properly suspended Vecellio in reliance on Board Rule 6–12(A) because Vecellio had been arrested and charged via the statement of probable cause. The ALJ agreed with Vecellio, concluding in relevant part:

17. Board Rule 6–12(A) is a narrow exception to the general rule that all certified employees are entitled to a predisciplinary meeting prior to the imposition of disciplinary action adversely affecting pay, status, or tenure. Rule 6–10. The Rule states, "An employee who is charged with a felony or other offense of moral turpitude that adversely affects the employee's ability to perform the job or may have an adverse effect on the department may be placed on indefinite disciplinary suspension without pay pending a final conviction."

18. Because the language of Rule 6–12(A) is clear, one must apply the plain and ordinary meaning to the Rule. The Rule does not use the word, "arrested"; it utilizes the word "charged." There is an enormous difference between an arrest and a felony charge presented to the court. An arrest is made attendant to the investigation of a crime; it may or may not result in the arrested individual being charged

with a crime in court. A felony charge filed in district court by the prosecuting attorney is the actual commencement of criminal legal proceedings; it evinces the intent of the prosecutor to commit the resources of his office to the case. Had the Board intended to permit unpaid suspensions when a classified employee is arrested on suspicion of having committed a felony, the Board would have used the word, "arrested."

19. In view of the significant difference between an arrest and a charge, it is concluded that the word "charge" in Rule 6–12(A) means "charge" as defined by C.R.S. § 16–1–104(6), namely, "a formal written statement presented to a court accusing a person of the commission of a crime. The charge may be made by complaint, information, or indictment."

20. [The University] argues that the purpose of Rule 6–12(A) is to permit agency employers "to take immediate action for the safety and welfare of the workplace and other employees when an employee is charged with a felony or other crime." The ALJ agrees. However, until such charges are filed in court, the agency must exercise the other choices available to it, such as holding a predisciplinary meeting or placing the employee on paid administrative leave. Exercise of other options can preserve the safety and welfare of the workplace and other employees.

21. [Vecellio's] motion for summary judgment is *granted.* [The University] violated [Vecellio's] procedural due process rights under the Civil Service Amendment, Colo. Const., art. XII, Section 13(8) and Board Rules 6–10 and 6–12(A) by imposing an unpaid suspension on [Vecellio] without first affording him the protections of Board Rule 6–10.

The ALJ determined that Vecellio "was not charged with a felony until October 16, 2008," when "the [i]nformation was filed in the district court and [Vecellio] was served with [that] document." The ALJ then ordered the University to "retroactively place [Vecellio] on paid administrative leave for the period between September 25 through October 16, 2008, and to reimburse him for the lost salary and benefits during that period."

The University appealed the ALJ's decision to the Board. The Board adopted the ALJ's findings and affirmed the order with two nonsubstantive amendments to correct dates in the background and undisputed facts section.

The University challenges the Board's order.

## I. Standard of Review

We may reverse the decision of an administrative agency if we conclude the agency erroneously interpreted the law or exceeded its authority. *Lawley v. Dep't of Higher Educ.,* 36 P.3d 1239, 1247 (Colo.2001); *see* § 24–4–106(7), (11), C.R.S.2009.

■ "The Board's interpretation of its own rules is generally entitled to great weight unless it is plainly erroneous or inconsistent with such rule or the underlying statute." *Bishop v. Dep't of Institutions,* 831 P.2d 506, 508 (Colo.App.1992).

## II. Suspension Without Pay

■ The University contends it was authorized to suspend Vecellio without pay as of the date of his arrest because the statement of probable cause constituted a "charge" for purposes of Board Rule 6–12(A). We disagree.

The term "charge" is not defined in the Personnel Board Rules. Because Board Rule 6–12(A) concerns when employers may take immediate disciplinary action against an employee charged with a felony or other criminal offense involving moral turpitude, we turn to the definition of that term in Colorado's Code of Criminal Procedure.

In construing a statute and determining legislative intent, we rely on the language of the statute and give the words used their plain and ordinary meaning. *See* § 2–4–101, C.R.S.2009; *Aragon v. Dep't of Corr.,* 140 P.3d 278, 280 (Colo.App.2006).

Pursuant to section 16–1–104(6), C.R.S. 2009, a "charge" is defined as "a formal written statement presented to a court accusing a person of the commission of a crime. The charge may be made by complaint, information, or indictment."

"Complaint" is defined as "a written statement charging the commission of a crime by an alleged offender, filed in the county court." § 16–1–104(7), C.R.S.2009. "Information" is defined as "a written statement signed by a district attorney presented to the district court, which charges the commission of a crime by an alleged offender." § 16–1–104(12), C.R.S.2009. "Indictment" is defined as "a written statement, presented by a grand jury to the district court, which charges the commission of a crime by an alleged offender." § 16–1–104(11), C.R.S. 2009.

Hence, under Rule 6–12(A), a person is charged "with a felony or other offense involving moral turpitude" when a complaint, information, or indictment is filed in the appropriate county or district court. Pursuant to Rule 6–12(A), therefore, an employer may suspend an employee without pay only after such complaint, information, or indictment accusing the employee of committing a felony or other offense of moral turpitude, is filed in a county or district court.

Accordingly, the statement of probable cause did not constitute a "charge" for purposes of Board Rule 6–12(A). *See* Crim. P. 5(a)(1) ("If a peace officer or any other person makes an arrest, either with or without a warrant, the arrested person shall be taken without unnecessary delay before the nearest available county or district court. Thereafter, a felony complaint, information, or indictment shall be filed, if it has not already been filed, without unnecessary delay in the proper court and a copy thereof given to the defendant."); *cf. People v. Gonzales,* 679 P.2d 1085, 1088 (Colo.1984) (indictment, information, and criminal complaint all institute charges against an alleged offender, but an arrest warrant does not).

Had the Board intended to permit unpaid suspension when a classified employee is arrested on suspicion of having committed a felony, the Board would have used the word "arrested" in Board Rule 6–12(A).

The University's reliance on *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *People v. Williams,* 984 P.2d 56, 60 (Colo.1999); *People v. Barron,* 677 P.2d 1370, 1373–74 (Colo. 1984); *People v. Hertz,* 196 Colo. 259, 260, 586 P.2d 5, 6 (1978); and *Sheppard v. Rees,* 909 F.2d 1234, 1236 n. 2 (9th Cir.1989), for the proposition that the statement of probable cause "charged" Vecellio with a felony for purposes of criminal procedure and Rule 6–12(A), is misplaced. In each of these cases, a complaint, information, or indictment had been filed. Similarly, in *In re Strauss,* 197 U.S. 324, 330, 25 S.Ct. 535, 49 L.Ed. 774 (1905), the defendant had been "charged by" an "affidavit of complaint."

The University's reliance on *Gilbert v. Homar,* 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997), is also misplaced because charges against Homar were filed by criminal complaint the same day he was arrested, and before he was suspended by his employer without pay.

Thus, because no complaint, information, or indictment was filed before the University suspended Vecellio without pay, we conclude the Board did not err in determining the University violated Rule 6–10 by not conducting a predisciplinary meeting prior to taking such action. *See* Rules 6–10, 6–12(A).

■ We further conclude, however, that the Board erred in determining Vecellio was not charged until he was served with the information at the October 16, 2008 arraignment hearing. *See People v. Noline,* 917 P.2d 1256, 1259 (Colo.1996)(district attorney may initiate a felony prosecution by filing an information in the district court); *see also* § 16–1–104(6).

Because the district attorney filed an information in the district court on October 7, 2008, charging Vecellio with various felonies, the University was permitted to suspend Vecellio without pay as of that date.

Accordingly, we reverse the Board's order in part and remand the case to the Board to order the University to retroactively place Vecellio on paid administrative leave from

September 25, 2008 to October 7, 2008, and to reimburse him for the lost salary and benefits during that period. *See Lawley*, 36 P.3d at 1247 (the reviewing court may reverse the decision of an administrative agency if it concludes the agency acted arbitrarily or capriciously or erroneously interpreted the law).

The University contends this interpretation of the term "charge" thwarts the purpose of Rule 6–12(A) that an employer has a "need to immediately remove an employee from the workplace who has been accused of criminal offenses if the offenses are of such a nature that continued employment could adversely affect the department or the employee's ability to perform his job." An employer in this situation, however, has options available to it under the Board Rules to effectuate that purpose, such as:

(1) Hold a predisciplinary meeting under Rule 6–10. If reasonable attempts to hold a predisciplinary meeting fail, the employer must then follow the procedure outlined in Board Rule 6–10(A) (procedure for notifying employee by mail of possibility of discipline and alleged reasons when reasonable attempts to hold meeting pursuant to Rule 6–10 fail). Rule 6–10(A) requires a meeting, or reasonable attempts to hold a meeting, even if the employee is in custody.

(2) Place the employee on paid administrative leave. *See* Rule 5–19, 4 Code Colo. Regs. 801–1:5 (administrative leave "may be used to grant paid time when the appointing authority wishes to release employees from their official duties for the good of the state"); *see also* Rule 6–12 ("Administrative leave during a period of investigation is not a disciplinary action.").

(3) Wait until the certified employee is charged with a felony or other offense involving moral turpitude. *See* Rule 6–12(A).

That part of the order determining that an employee is charged with a felony under Rule 6–12(A) when a complaint, indictment, or information is filed is affirmed. The balance of the order is reversed, and the case is remanded to the Board for further action in accordance with this opinion.

Judge CASEBOLT and Judge TERRY concur.